Application of Howard HIGGINS and Edgar Wrenn, Petitioners,

v.

The BOEING COMPANY et al., Respondents-Defendants,

and

Hon. Robert L. Carter, United States District Court Judge for the Southern District of New York, Respondent.

No. 670, Docket 75–3070.

United States Court of Appeals, Second Circuit.

Submitted Dec. 12, 1975.

Decided Dec. 15, 1975.

Before OAKES, VAN GRAAFEILAND and MESKILL, Circuit Judges.

PER CURIAM.

This is an application for a writ of mandamus under Fed.R.App.P. 21 directing the District Court, Robert L. Carter, *Judge,* to conduct the trial of this consolidated case by jury. In addition, petitioners seek a stay.

The consolidated actions were filed initially in April, 1968, in state court and removed to federal court on May 20, 1968, with no "note of issue" being filed under state law.[1] They are brought by two helicopter pilots for damages for personal injuries resulting from an accident and products liability is asserted. No demand for jury trial was made in state or federal court but the plaintiffs did move in the district court "for an order consolidating both of the above entitled actions for ·trial under Index No. 68 C 2062 on the jury calendar of this Court," and plaintiffs agreed in the event of consolidation to waive their actions for negligence and to rely solely upon breach of warranty. On December 12, 1972, granting plaintiffs' motion for consolidation Judge Carter "Ordered, that the motion be and the same is in all respects granted and the above actions be and they hereby are consolidated for trial on the jury calendar of this Court under Index No. 68 C 2062." At a pretrial conference on May 31, 1973, the trial memorandum directed to be filed included "requests to charge" and any special inquiry by counsel as to "voir

---

1. N.Y.C.P.L.R. § 4102(a), (d) and (e) provided at the time of removal:

(a) Demand. Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury. Any party served with a note of issue not containing such a demand may demand a trial by jury by serving upon each party a demand for a trial by jury and filing such demand in the office where the note of issue was filed within ten days after service of the note of issue. A demand shall not be accepted for filing unless a note of issue is filed in the action. If no party shall demand a trial by jury as provided herein, the right to trial by jury shall be deemed waived by all parties. A party may not withdraw a demand for trial by jury without the consent of the other parties.

. . . . .

(d) Local rules. The appellate division in each department may by rule applicable in all or part of the department provide that a party shall be deemed to have demanded trial by jury by filing a note of issue not containing an express waiver of trial by jury.

(e) Relief by court. The court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result.

dire." Subsequently the cases were dismissed and reinstated, but reinstatement was not conditioned upon waiver of any right to jury trial. When it was discovered that no written jury demand was on file, defense counsel consented to placing the case upon Judge Carter's calendar for trial, by letter dated November 17, 1975.

■ On November 24, 1975, the judge informed counsel that their "stipulation" that the case be placed on the jury calendar was not "dispositive." Rather, the judge said that neither party had made a demand under Fed.R.Civ.P. 38, and that his signing of the order of consolidation on December 12, 1972, could not be deemed a discretionary grant of a jury trial under Rule 39(b).[2] After review of the pretrial order which the judge "understood is due on December 8th," the judge indicated that if a demand were filed it would be treated in his discretion under Rule 39(b). Plaintiffs, petitioners here, accordingly filed a motion dated November 26, 1975, demanding a jury trial under Rule 38 or alternatively requesting discretionary relief under Rule 39(b). Their moving papers supporting this petition aver that on December 10,

1975, they were advised by one of Judge Carter's law clerks that the judge would make no formal decision on the motion but would make a statement on the record before commencing the trial non-jury on Monday, December 15, 1975. This petition was received by this court on Friday, December 12, 1975.

■ Our power to preserve the important right to trial by jury, *Beacon Theatre, Inc. v. Westover,* 359 U.S. 500, 511, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), by mandamus is clear. *Goldman, Sachs & Co. v. Edelstein,* 494 F.2d 76, 78 (2d Cir. 1974). *See also Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

■ Because this was a removed cause the question of jury trial demand was governed not by Rule 38 but by Rule 81(c).[3] That refers us to the state law applicable in "the court from which the case is removed" to determine whether that law "does not require the parties to make express demands in order to claim trial by jury." If it does not, then plaintiffs need not have made a demand here until directed to do so by the court.[4] Unfortunately the law of New York as

2. In this, if Rule 38 were applicable, Judge Carter would clearly be correct, since it requires a timely demand, and despite the discretionary language of Rule 39(b) some cause beyond mere inadvertence must be shown to permit granting an untimely demand. *Galella v. Onassis,* 487 F.2d 986 (2d Cir. 1973). *See also McGregor Boulevard Church of Christ v. Walling,* 428 F.2d 401 (5th Cir. 1970). Rule 39(b) provides:

> (b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

3. (c) Removed Actions. These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. . . . If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his

demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury.

4. No such direction was made until the court's letter of November 24, 1975. Plaintiffs promptly complied by filing their motion of November 26, 1975.

to the necessity of demanding jury trial is not clear, or at least is not fixed.

N.Y.C.P.L.R. § 4102(a) provided at the time of removal that a demand need be made by filing a "note of issue containing a demand for trial by jury." *See* note 1 *supra*. No time therefor is stated under the state statute.[5] There is, of course, no federal "note of issue," however, although it could be argued that either the 1972 motion for consolidation or the pretrial order (evidently due on December 8, 1975, by which time a demand had been made) were the functional equivalent thereof. On this basis, demand here would be timely under the Rule 81(c) reference to state law. The difficulty with this argument, however, lies in the language of Rule 81(c); the state law *does* require the making of a demand at the time of filing the note of issue. Read literally, the exception under Rule 81(c) where the state law "does not require the parties to make express demands" is inapplicable.

■ At the same time, however, the applicable state law does permit the trial court to "relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result." N.Y.C.P.L.R. § 4102(e), note 1 *supra*. We think this discretionary right must be read into the language of Rule 81(c); it comports also with Rule 39(b). The framers of Rule 81(c), taking into account the clear cut situations where state law either requires a demand or not, did not expressly consider the gray situation here present where state law permits discretionary relief. We think that in this situation the Rule compels the exercise of sound district court discretion and that that court is by no means compelled to deny relief here.

■ To the contrary, here it would appear that in this, an action for personal injuries and hence traditionally triable by jury, where the parties have been proceeding for three years on the assumption contained in the order of consolidation that the actions were "under Index No. 68 C 2062 on the jury calendar of this Court," and where there has been no prejudice to the defendants as conclusively established by their long-time acquiescence and their formal agreement or stipulation of November 17, 1975, all the elements are present for the exercise of discretion favorable to petitioners here.

■ At the same time we are reluctant, in remanding this cause to the sound discretion of the district court, to order its exercise in the manner that appears to us sound; there are conceivably other factors of which we are not aware that might weigh otherwise. Our order will, then, grant the petition to the extent of directing the district court to consider the question whether, in the exercise of its sound discretion, the trial of this cause shall be by jury.

---

5. While N.Y.C.P.L.R. § 4102(d) provides that local rule may permit a note of issue without demand to constitute a demand absent express waiver, note 1 *supra,* the local rule for New York and Bronx Counties whence these actions were removed does not so provide. McKinney's Cons.Laws, N.Y. Ct. Rules, § 660.-4(c).