Lisette CASCONE, Plaintiff,

v.

**ORTHO PHARMACEUTICAL CORPORATION, Defendant.**

No. 80 Civ. 6983.

United States District Court,
S. D. New York.

June 17, 1982.

Stier & Bernstein, New York City, for plaintiff; Lawrence Bernstein, New York City, of counsel.

Patterson, Belknap, Webb & Tyler, New York City, for defendant; Karl Seib, New York City, of counsel.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By motion docketed April 13, 1982 and fully submitted for decision on May 4, 1982, plaintiff in this removed diversity case seeks "an Order permitting plaintiff to file a demand for trial by jury *nunc pro tunc* ...." Plaintiff's Notice of Motion, docketed April 13, 1982.

This is a products liability action to recover money damages for personal injuries said to have been incurred by reason of having used an allegedly defective or dangerous pharmaceutical device manufactured for and sold on physician's prescription by the defendant. At issue at trial, in addition to the amount of damages, will be medical causation, and whether defendant's device was defective or unsafe for the intended use when marketed.

Such issues are peculiarly within the special expertise of juries. This lawsuit is precisely the sort of litigation which is generally tried to a jury, in the state courts of New York, and in federal courts sitting in diversity.

This action was originally instituted in the Supreme Court of the State of New York, County of New York, by the service, on October 20, 1980, of a summons and a complaint. Thereafter, on December 9, 1980, prior to the filing of an answer or any other pleading, the defendant removed the case to this Court pursuant to 28 U.S.C. § 1441. Pursuant to stipulation, the defendant's time to answer was extended to January 12, 1981.

Plaintiff's attorney fell into a trap for the unwary. Issue was joined on January 13, 1981 when the defendant filed its Answer. Plaintiff's attorney failed to file a written demand for trial by jury within 10 days after issue was joined as defendant claims is required by the express language of Rule 38(c), F.R.Civ.P. According to defendant, plaintiff, because of the inadvertence of her attorney, therefore lost her opportunity to file a jury demand in timely fashion.

However defendant opened the door again by filing an Amended Answer, docketed on March 16, 1981. Again, plaintiff failed to file a proper demand for trial by jury within 10 days from that date, as defendant claims is required by the express language of Rule 38(c), F.R.Civ.P.

The Court finds neither any waiver of rights, nor any estoppel by virtue of any of the subsequent action or inaction of defendant's counsel detailed in the motion papers. There was no improper conduct. This Court, without any studied reference to the file in this case, had assumed, solely by the nature of the claims asserted, that this must be a jury case. The Court had treated it as a jury case for the purposes of pre-trial status reports and conferences with counsel. Plaintiff's attorney was under the impression, until a recent rude awakening, that the case was going to be tried by a jury. Defense counsel had no legal or moral duty to disabuse plaintiff's attorney of this opinion. Specifically, I find that defendant's counsel had no duty to speak-up on the various occasions when references were made to the possible reaction of a jury to the evidence as bearing upon the settlement posture of the case, or when references were made to the submission of requests to charge and proposed *voir dire* questions.

With commendable candor, plaintiff's attorney concedes that he "inadvertently" failed to file a timely demand for trial by jury because he "was under the mistaken impression that a jury demand could be filed at any stage of the proceeding." Aff. in Support of Plaintiff's Motion docketed April 13, 1982 at ¶ 4.

While plaintiff's attorney has been admitted to practice in this Court since 1979, he is essentially a state court practitioner and has a greater day-to-day familiarity with the procedural and calendar rules of the New York state courts. In the New York state courts, the rule governing jury demand is as follows:

"Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury. Any party served with a note of issue not containing such a demand may demand a trial by jury by serving upon each party a demand for trial by jury and filing such demand in the office where the note of issue was filed within fifteen days after service of the note of issue. A demand shall not be accepted for filing unless a note of issue is filed in the action." (N.Y. C.P.L.R. § 4102(a) (McKinney's Supp. 1981–82)),

The Note of Issue may not be filed unless accompanied by a Certificate of Readiness for Trial, and a seventy dollar fee. N.Y. C.P.L.R. §§ 4102(a), 8020(a)(1) (McKinney's 1981 & Supp.1981–82); McKinney's 1981 New York Court Rules, § 3.1 (22 N.Y.C. R.R. § 3.1). *See* Siegel, Supplementary Practice Commentary to N.Y. C.P.L.R. § 4102 (McKinney's Supp.1981–82).

In essence, the decision as to whether or not a case should be tried by a jury need not be made in New York state courts until a case is actually ready for trial, and at a time when each attorney has sufficient familiarity with the matter, beyond the bare pleadings, to determine knowledgeably whether or not the constitutional or statutory right to have a trial by jury should be asserted.

So it was in the federal courts until September 16, 1938 (except that the Certificate of Readiness had not been invented) when the tinkerers abandoned the premise of the Conformity Act of 1872, 17 Stat. 196 (1872), which in essence required that a federal district court accommodate its procedures to those used in the courts of record of the state in which it was located. On that date was adopted the Federal Rules of Civil Procedure. *See* 5 *Moore's Federal Practice* ¶¶ 38.01.1, 38.04; 2 *Moore's Federal Practice* ¶¶ 1.02[3], 1.02[5], 2.01.

## II.

The Federal Rules, insofar as they relate to jury trials, begin with the lofty premise that, "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Rule 38, F.R.Civ.P. However, in derogation of the wide open opportunity to demand a jury until the time of calendaring, provided to New York state litigants, these same federal rules require that a written jury demand must be served "not later than 10 days after service of the last pleading directed to such issue," in this case, the Answer to the Complaint.

The failure to file a jury demand as required by Rule 38(a) constitutes an automatic waiver of the right to a jury trial. Rule 38(d), F.R.Civ.P. However, Rule 39(b), F.R.Civ.P., provides that, "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court, in its discretion, upon motion may order a trial by jury of any or all issues."

As is discussed below, there is considerable conflict in the reported cases as to the standard by which a district court should exercise its discretion in deciding a motion under Rule 39(b). If this case had been removed from state court *after* joinder of issue, it is clear that Rule 81(c), not Rules 38 and 39, would have regulated determination of the proper time for demanding a jury, and would also regulate the discretion of the Court in permitting an untimely jury demand. *Cullen v. BMW of North America, Inc.,* 84 F.R.D. 342, 344 (E.D.N.Y.1979); 7 *Moore's Federal Practice* ¶ 81.08.

Rule 81(c) provides, in relevant part:

"These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal... If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefore is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury." (Rule 81(c), F.R.Civ.P.)

Under Rule 81(c), the Court would look to state law in exercising its discretion. In New York that standard would require the Court to grant an untimely jury demand "if no undue prejudice to the rights of another party would result." N.Y. C.P.L.R. § 4102(e).

Under Rule 39(b), however, as is discussed below, defendant contends that the Court's discretion "has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief." *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir. 1967).

Defendant points out that:

"It has been uniformly held in this Circuit that the reasons advanced by plaintiff's counsel are insufficient to justify relief from waiver under Rule 39(b). Indeed, it would be reversible error to grant plaintiff's motion. *Noonan v. Cunard Steamship Co....* While [Rule 39(b)] is phrased in terms of the Court's discretion, the Second Circuit Court of Appeals has drastically limited that discretion, uniformly holding that mere inadvertence of counsel is an insufficient basis for granting Rule 39(b) discretionary relief from waiver of a jury." (Defendant's Memorandum of Law in Opposition, docketed April 19, 1982 at 6, citations omitted.)

The foregoing is a fair statement of the reported cases in this Circuit interpreting the Court's discretion under Rule 39(b) which cite the *Noonan* case. In *Noonan*, Judge Weinfeld had permitted plaintiff to dismiss the action without prejudice. Because "he who fights and runs away, lives to fight another day", plaintiff apparently intended to file a new case and demand a jury in the proper form. The district court understood this. The Court of Appeals, in reversing, held as follows:

"Plaintiff's initial motion was that the judge avail himself of the provision of F.R.Civ.P. 39(b) which says that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Defendant has cited eighteen reported decisions by district courts within this circuit to the effect that mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b), and plaintiff apparently has found none to

the contrary either here or elsewhere. The effect of such a continued and consistent course of decision is to narrow the allowable scope of discretion; the area open to the judge's discretion has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief.... Plaintiff does not seriously dispute that if the judge had granted the motion under Rule 39(b), we would have been obliged to reverse. This would not truly have been for an "abuse" ... it would have been because the settled course of decision had placed a gloss upon the Rule which a judge could no more disregard than if the words had appeared in the Rule itself." (375 F.2d at 70.)

The factual situation described in the instant *Cascone* case is almost identical to that considered by the Court of Appeals in *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975). The brief *per curiam* opinion in that case was decided long after the *Noonan* case, which it does not cite. The facts of *Higgins* are indistinguishable from this case. This Court's reference to the file in that case (*sub nom. Wrenn v. Boeing Co.*, 68 Civ. 2026) shows that the *Higgins* case was a removed diversity action. Removal in *Higgins* as in this case, occurred prior to the filing of the answer or joinder of issue. In determining whether a jury was appropriately requested, the Court of Appeals stated that, "[b]ecause this was a removed cause the question of jury trial demand was governed not by Rule 38 but by Rule 81(c)." 526 F.2d at 1006.

The Court of Appeals in *Higgins* then considered the ability of the district court under Rule 81(c) to grant discretionary relief:

"[T]he applicable state law does permit the trial court to 'relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result.' N.Y.C.P. L.R. § 4012(e).... We think this discretionary right must be read into the language of Rule 81(c); it comports also with Rule 39(b). The framers of Rule

81(c), taking into account the clear cut situations where state law either requires a demand or not, did not expressly consider the gray situation here present where state law permits discretionary relief. We think that in this situation the Rule compels the exercise of sound district court discretion and that that court is by no means compelled to deny relief here." (526 F.2d at 1007.)

The Court then noted that for three years the parties had been under the assumption that the case would be tried by a jury and there would be no prejudice to the defendants if the case were tried by a jury.

Accordingly, the Court held that, "all the elements are present for the exercise of discretion favorable to petitioners here." *See also Berger v. Goodyear Tire & Rubber Co.*, 83 F.R.D. 114, 116 (S.D.N.Y.1979); *Folmar v. American Health & Life Insurance Co.*, 91 F.R.D. 22, 24 (E.D.Tenn.1981); *Harthan v. Arabian American Oil Co.*, 92 F.R.D. 4, 5 (S.D.N.Y.1981).

Here, as in *Berger v. Goodyear Tire & Rubber Co.*, 83 F.R.D. at 116,

> "[h]owever careless the error, the failure [to make a timely demand for a jury] was a product of mistake—inadvertence—and not an intentional waiver of jury trial."

The foregoing analysis is less than satisfactory in light of the failure of the *per curiam* opinion in *Higgins* to even mention the *Noonan* case, which like the *Higgins* case itself, is *not* expressly regulated by the Rule 81(c) jury provisions. This is so because at the time of removal all necessary pleadings had *not* been served. Accordingly, by the express provisions of Rule 81(c), a jury demand was required to be filed by plaintiff within ten days following service of notice of filing the petition of removal. Also, New York law *does* require an express demand for trial by jury, although it defers the time for such a demand to a more reasonable stage in the life of a litigation. We can see no basis to elude the rule of *Noonan* by some construction of the Federal Rules of Civil Procedure which, because this is a removed case, would give us greater discretion to relieve a party from lawyer inadvertence than we would otherwise have.

Nor can we believe that a learned panel of the Court of Appeals either (a) forgot about the *Noonan* case, (b) intended a harsher rule for cases originating in the district court as compared with those removed here, or (c) intended to overrule *Noonan sub silentio.* However, this Court also believes and concludes that the claimed policy relied upon in limiting judicial discretion, as set forth in *Noonan*, is no longer justifiable or valid, if it ever was.

Essentially, the issue resolves itself to the question whether a plaintiff, because of her lawyer's inadvertence or lack of professional knowledge with respect to a refined point of federal procedure, is to be deprived of her valuable right to trial by jury in a personal injury case, a right guaranteed by the Seventh Amendment to the United States Constitution. No valid policy argument can be made today, in favor of finding such a forfeiture, absent intervening equities, not present in this case.

In the gradual development of the law in our nation, the intended direction of such movement as has taken place, has been towards doing substantial justice, and away from the insistence upon precise rules or adherence to prescribed forms. This is especially true insofar as pleadings are concerned. In theory at least, the law and the Courts now seek to end blind adherence to the traditional mumbo jumbo which regulated the legal practice of our forebears.

Rule 8(f), F.R.Civ.P., specifically states that, "[a]ll pleadings shall be so construed as to do substantial justice." The Supreme Court has held that, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). *See* 2A *Moore's Federal Practice* ¶ 8.02.

In conformity with this expressed intention of our modern jurisprudence to concen-

trate on the "merits" of litigation, rather than to permit cases to go off on issues of procedure such as mistakes in pleading, our most prestigious law schools have changed the focus of legal education. Generations of lawyers were taught to focus initially upon the nitpicking aspects of litigation, to obfuscate, and to make dilatory motions attacking the face of the pleadings, so as to avoid the merits so long as possible. With the increasing cost of litigation, and its proliferation, we now preach, and teach lawyers, that they should go to the heart of the matter, abandon their cherished litanies, and seek Justice.

■ We now espouse the general view that mistakes of a pleader should not defeat substantial justice, and that the negligence or ineptitude of a lawyer ought not to redound to his client's detriment in a civil case, except where there are intervening equities.

■ This case does not present a typical waiver situation. Waiver is the intentional relinquishment of a known right. Here, it is a matter of mere inadvertence or negligence of plaintiff's representative which now threatens to deprive her of a valuable right which may have significant economic value to the plaintiff either at trial or in settlement negotiations.. Defendant was on actual notice at all times that plaintiff intended to have this action tried by a jury, and believed that it would be. The Constitution assumes that the right to a jury trial in a civil case is a valuable right.

We must view the Noonan case against the factual background under which it, and what it refers to as the "eighteen reported decisions of district courts within this circuit" were decided. In 1967, the trial of civil cases in the United States District Court for the Southern District of New York was governed by what may be called, euphemistically, a "Master Calendar." There was a master "Motion Part" in which motions in all civil cases were heard by a rotation of Judges each presiding for a few weeks in that Part. Separate trial calendars for various types of cases, equity cases, admiralty cases, tort jury cases, contract

jury cases, and a few other specifications not remembered and probably not material to this discussion were also maintained. The district judges alternated between the Motion Part and the various trial parts. The end result was that every time a case was called for a motion or conference, a different judge presided, and yet another judge presided at trial. Of course, everybody's business in our large multi-judge court soon became nobody's business, and it is not surprising that an enormous backlog of cases eventuated.

The judge presiding in the civil motion part, called upon to exercise his discretion under Rule 39(b), would not be the same judge who would later be responsible for the actual trial of the case. It is always easy to be big-hearted in dealing with a determination as to how somebody else should do his or her work. Furthermore, speaking in terms of a court operating under a master calendar, in which motions could usually be made in front of any preselected judge if they were scheduled with that point in mind, the Court of Appeals in Noonan determined that it should frame a rule of decision in order to achieve "consistency among district judges in the same circuit on such an issue" and at the same time avoid "judge-shopping." 375 F.2d at 71. Since a judge is now, and has been since July 1, 1972, assigned to each case immediately upon filing or removal, by random selection and for all purposes until the conclusion of the case, the "judge-shopping" fears of the Court of Appeals as expressed in Noonan are no longer relevant to the exercise of this sort of judicial discretion.

Furthermore, this Court takes judicial notice of the fact that since Noonan was decided in 1967, the training of lawyers has tended to concentrate more and more on the so-called "big picture" and less and less on trivial technicalities, especially in the realm of pleading. Whatever policy justifications existed for the Noonan decision in 1967 would seem to have become outmoded with time and with the changed method of calendaring our civil docket.

The civil docket of most judges in this circuit is now substantially up-to-date. A trial can be reached very promptly when both sides are ready, whether it be a jury trial or a nonjury trial.

Also, the dynamics of a jury trial have changed markedly since 1967. Television is now an accepted fact of life in every household, and simulated courtroom drama is an essential part of the television shows. Such trials conclude usually in forty-four minutes with time out for commercials. Jurors expect the same kind of performance in the courtroom today. They have a short attention span, and no longer tolerate the pompous, time wasting blather, dither, and paper shuffling which used to be the stock in trade of some members of the trial bar.

Questions propounded to witnesses are now · required to be simple and direct. Counsel now generally try to come to the point, and to impress the jurors with their efficiency and openness, as well as the justice of their case. Trial judges, concerned about their case volume, are more willing to exercise the inherent power of the court to cut out repetition and needless waste of time. Rule 403 F.R.Evid.

Experienced trial lawyers, who are perfectly willing to bore a judge to death in a nonjury case, seem, in jury cases, to behave in a manner indicating genuine concern with the attention span and patience of jurors. It may well be argued that today a jury case, particularly a simple personal injury case involving issues such as medical causation and damages, can be tried quickly and easily with a jury; indeed probably more readily than by a court required to make detailed findings of fact and conclusions of law following a bench trial.

Professor Wright has said that:

"Technical insistence upon imposing a penalty for default [in failing to timely demand a jury trial] by denying a jury trial is not in the spirit of the rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind

and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are to be denied." (9 Wright & Miller, *Federal Practice & Procedure* § 2334 at 115–16.)

*See Littlefield v. Fort Dodge Messenger,* 614 F.2d 581, 585 (8th Cir.), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980); *Hawkinson v. Blandin Paper Co.,* 54 F.R.D. 517, 519 (D.Minn.1972).

■ This Court believes that the better and more timely modern rule is that established in *Swofford v. B & W Inc.,* 336 F.2d 406 (5th Cir. 1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965), where it was held that:

"Under that Rule [39(b)] the court has a broad discretion in determining whether to relieve a party from a waiver of jury trial, and its discretion will be reversed only for abuse of discretion.

\*      \*      \*      \*      \*      \*

And when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary.

\*      \*      \*      \*      \*      \*

We think that when a demand *has* been made, though untimely, it is not reversible error for the district court to exercise its discretion...." (336 F.2d at 408–409.)

*Swofford* appears to be the majority rule and has been followed by the Sixth, Eighth, and Tenth Circuits as well as the District of Massachusetts and the Eastern District of Wisconsin. *Local 783 v. General Electric Co.,* 471 F.2d 751, 755 (6th Cir. 1973), *cert. denied,* 414 U.S. 822, 94 S.Ct. 120, 38 L.Ed.2d 55 (1973); *First Wisconsin Nat'l Bank of Rice Lake v. Klapmeier,* 526 F.2d 77, 80 (8th Cir. 1975); *AMF Tuboscope, Inc. v. Cunningham,* 352 F.2d 150, 155 (10th Cir. 1965); *Pawlak v. Metropolitan Life Ins. Co.,* 87 F.R.D. 717, 718 (D.Mass.1980); *Ford v. Breier,* 71 F.R.D. 195, 197 (E.D.Wisc.1976). *Noonan,* to the extent it survives *Higgins* may be said to represent a minority view.

As permitted by Rule 81(c) and *Higgins*, and in accord with N.Y.C.P.L.R. § 4102(e), this Court finds that defendant will suffer no prejudice if plaintiff is now permitted to file an untimely jury demand. Plaintiff's motion is granted.

So Ordered.