**PRINTERS II, INC., Plaintiff,**

**v.**

**PROFESSIONALS PUBLISHING, INC., Defendant.**

No. 84 Civ. 2745 (RWS).

United States District Court, S.D. New York.

Nov. 7, 1984.

Flemming, Zulack & Williamson, New York City, for plaintiff; Pamela Sloan, New York City, of counsel.

Carraher & Horne, New York City, for defendant; Laura Carraher, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Printers II, Inc. ("Printers II") has brought this motion to strike defendant Professionals Publishing, Inc.'s ("Professionals") demand for a jury trial as untimely under Fed.R.Civ.P. 38. The motion is granted.

**Prior Proceedings**

There is no factual dispute between the parties. Printers II initiated this diversity action on April 11, 1984 by filing a complaint alleging breach of a printing contract by Professionals. Professionals answered on May 15, 1984, denying Printers II's allegations and raising counterclaims based on breach of contract, fraud, and defamation. On July 27, 1984, after obtaining Printers II's consent, Professionals filed an amended answer which corrected certain dates in the initial answer. Professionals concedes that the amended answer did not raise any new issues but merely corrected specific errors contained within the May 15 answer. On either August 6th or 7th, Professionals served a jury demand upon Printers II.

The issue presented is whether Professionals' jury demand is untimely under Fed.R.Civ.P. 38, and, if it is, whether I should use my discretionary authority under Fed.R.Civ.P. 39(b) to relieve Professionals of its waiver of its jury demand.

Fed.R.Civ.P. 38 requires that a party serve a jury demand upon the other party not later than 10 days after the service of the last pleading relating to the issue for

which a jury is sought. Failure to adhere to this timetable results in an automatic waiver of the party's right to a jury trial under the plain terms of the rule. Fed.R. Civ.P. 38(d).

■ Although service of an amended pleading which introduces additional issues into a case will recommence the 10-day period for a jury demand with respect to the additional issues, an amendment of a pleading which does not introduce new issues will not extend the period within which a jury demand must be served. *State Mut. Life v. Arthur Andersen & Co.*, 581 F.2d 1045, 1049 (2d Cir.1978); *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir.1973); 5 *Moore's Federal Practice* ¶ 38.41 (1982). Since the parties agree that Professionals' amended answer did not introduce new issues, the service of the amended answer did not extend the time for serving a jury demand. May 25, 10 days subsequent to Professionals' filing of its answer, was consequently the final date for the timely service of a jury demand, and Professionals' failure to make the demand within the proper time frame constituted waiver pursuant to Fed.R.Civ.P. 38(d).

Professionals' has moved that I exercise my discretionary authority pursuant to Fed.R.Civ.P. 39(b) to permit its August 7 jury demand to survive Printers' motion to strike. The liberality with which 39(b) discretion is to be exercised has varied from circuit to circuit. Although a majority of circuits have held that absent compelling reasons to the contrary a party's jury demand should be granted, *see Swofford v. B & W, Inc.*, 336 F.2d 406 (5th Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *Cascone v. Ortho Pharmaceutical Corp.*, 94 F.R.D. 333 (S.D. N.Y.1982), aff'd 702 F.2d 389 (2d Cir.1983) (observing predominance of *Swofford* holding among circuits), this circuit has in the past set forth a more restrictive view. In *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir.1967), the court held that precedent interpreting judicial discretion in exercising 39(b) authority limited a judge's

authority "to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief. . . ." *Id.* at 70 (emphasis in original).

Subsequent to *Noonan*, the Circuit's attitude towards the exercise of 39(b) discretion in favor of a party seeking a jury trial has become more flexible. In *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir.1975) (per curiam) the Court found that an exercise of discretion granting a jury trial was warranted where the case had been removed from state to federal court, the prevailing New York State rule did not require a jury demand within a specified period of time, and both parties had, throughout the course of the federal court's control of the case, believed the case to be destined for a jury trial.

Where a case was removed from state to federal court, and where the rules regulating the timeliness of a jury demand in state court differ from the rules in federal court, the Circuit has recently stated that "there is some 'play in the joints' for accommodating a removed party who may not be at ease in the new surroundings imposed upon him." *Cascone, supra,* 702 F.2d at 392. The court indicated a certain solicitude for petitioners in 39(b) motions where the movant had been removed from state to federal court. In the context of removed cases, the Circuit held that " 'The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application ...' " *Id. quoting* 9 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2334 at 116 (1971).

■ I do not read the Circuit's willingness to countenance a discretionary override of Rule 38's strict requirements to amend the rule: "We do not consign *Noonan* to overruled status. Its holding shall continue to govern where it is applicable." *Id.* at 393. Consequently, I decline to exercise my discretion in favor of permitting the untimely jury demand.

First, this action originates in federal court and does not fall within the *Higgins*

exception to *Noonan.* Since the party seeking discretionary leave to file a delayed jury demand alleges nothing more than inadvertance, the motion fails the *Noonan* standard, which prevails in the absence of a *Higgins* exception. Further, sanctioning a two month delay in requesting a jury trial where the litigant alleged nothing more than inadvertance would destroy Rule 38's requirement that a jury demand be filed within 10 days after the last pleading directed to an issue. The Rule should not be vacated under the guise of an exercise of discretion.

Finally, there is "not the slightest reason to doubt that a judge is quite as able as a jury to make a fair determination" of the issues in this case. *Noonan, supra,* at 72.

The motion to strike the demand for a jury trial is granted. Discovery will be completed by January 30, 1985 and the pretrial order submitted by February 6, 1985.

IT IS SO ORDERED.