Madeline **FIGUEROA**, Plaintiff,

v.

**PRATT HOTEL CORPORATION,** et al., Defendants.

**No. 93 Civ. 0328 (LAK).**

United States District Court, S.D. New York.

Nov. 28, 1994.

Gerald M. Oginski, Zucker & Ballen, Brooklyn, NY, for plaintiff.

Jack Babchik, Gary Petropolous, Bergdano, Zichello & Babchik, New York City, for defendants.

## OPINION

KAPLAN, District Judge.

This is another case removed from the state courts in which the plaintiff did not file a timely jury demand upon removal and now seeks to be relieved of the consequences of that failure. We conclude that plaintiff is not entitled to that relief in the unusual circumstances of this case.

### Facts

■ This personal injury action was commenced in the New York Supreme Court, Bronx County, and was removed to this Court on January 19, 1993. At the time of removal, the only extant pleading was the complaint and, consistent with New York state practice, it did not contain a demand for a jury.[1] Discovery and other pretrial proceedings then took place in this Court over a

period of more than twenty months during which no demand for a jury was made.

On July 25, 1994, Judge Schwartz held a pretrial conference. According to defendants' counsel, Judge Schwartz inquired as to whether the case would be tried with or without a jury. Defense counsel reportedly responded that neither side had requested a jury. Plaintiff's counsel, according to defendants' counsel, did not disagree and did not seek a jury. While there was no transcript of that conference, plaintiff's counsel does not dispute defendants' account. In any case, however, the parties entered into a stipulated pretrial order, dated September 8, 1994 and "so ordered" by Judge Schwartz, that provided "No party to this action has demanded a jury trial of any of the issues." The September 20 letter from plaintiff's counsel asserts that he signed the stipulated pretrial order, which did not request a jury trial, after the judge's law clerk told him that the time in which to request a jury had expired.

■ On September 20, 1994, plaintiff's counsel for the first time requested a jury trial by letter to the Court. We treat the letter as an application under Fed.R.Civ.P. 39(b). Defendants vigorously oppose this request.

### Discussion

The difference between the New York State procedure for demanding a jury and the practice under the Federal Rules of Civil Procedure engenders significant confusion in removed cases. It has led to many reported decisions concerning the circumstances in which the federal courts will relieve a plaintiff in a removed action from the consequences of failing to make a timely demand in conformity with the Federal Rules.

In *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389 (2d Cir.1983), the Court of Appeals indicated that district courts in dealing with such situations "ought to approach each application ... with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or

---

1. Under New York practice, a jury is demanded in the note of issue, which is filed at the conclusion of pretrial proceedings. N.Y.CPLR 4102(a) (McKinney 1992).

even a preconceived notion that applications of this kind are usually to be denied." *Id.* at 392 *quoting* 9 C. WRIGHT & A. MILLER, FED-ERAL PRACTICE & PROCEDURE: CIVIL § 2334, AT 116 (1971); *see also Higgins v. Boeing Co.,* 526 F.2d 1004 (2d Cir.1975); *but see Galella v. Onassis,* 487 F.2d 986 (2d Cir. 1973). It affirmed an order granting an untimely request for a jury because the state courts have discretion to relieve a party of an inadvertent failure to make a timely demand, the action was of a sort traditionally tried by juries, and the defendant took no steps indicating an expectation that the case would not be tried by jury.

▮▮▮ Several of the factors adverted to by the Court of Appeals in *Cascone* and *Higgins* cut in plaintiff's favor. The initial failure to demand a jury here may be assumed to have been the result of unfamiliarity with the requirements of federal practice. The action certainly is of a sort that traditionally is tried by jury. And defendants would suffer no cognizable prejudice were plaintiff's application granted. Of course, defendants would be prejudiced in the sense that they would be subject to a trial in which the trier of fact would be a jury rather than the Court as they evidently prefer. But I do not regard that as prejudice in the sense relevant here. If it were so regarded, every defendant in comparable circumstances would be "prejudiced," and *Cascone* and *Higgins* would be meaningless. The prejudice for these purposes must rise beyond the change in the nature of the fact finder *simpliciter* as, for example, by delaying the trial, increasing its expense or difficulty or, perhaps, by submitting an exceptionally complex or technical matter to a jury. But we need not consider the bounds of cognizable prejudice, as this is a short slip-and-fall case in which there is no colorable claim of prejudice whatever except to the extent that resolution of the factual issue described below might be so regarded. But that is not the end of the inquiry.

This case is markedly different from *Cascone* and *Higgins.* Plaintiff here took action which, on its face, indicates plaintiff's expectation and, indeed, desire to proceed with a bench trial. Plaintiff did not demur to defense counsel's statement to Judge Schwartz on July 25 that the case would be tried to the Court. Even more telling, plaintiff signed a stipulated pretrial order stating that the case was to be tried without a jury. Thus, on the surface, the case bears every indication that plaintiff made a deliberate decision to waive a jury and now, for whatever reason, has changed her mind.

The issue, then, is whether counsel's explanation for the pretrial order is sufficient to warrant an exercise of discretion in plaintiff's favor. We think not.

To begin with, plaintiff's counsel has offered no explanation whatever for the failure to seek a jury on July 25 when he sat silently as defense counsel told Judge Schwartz that the case would be tried to the Court because neither side had requested a jury. Indeed, the explanation is not entirely satisfactory even as to the pretrial order. Assuming *arguendo* its accuracy, counsel has failed to explain why the law clerk's alleged statement prompted no effort to seek relief from the consequences of the failure to make a timely jury demand or, indeed, even a statement in the pretrial order that plaintiff would seek such relief. Such an application might have been entertained had the case remained in the State court,[2] so the fact that a similar application might have been made in federal court might reasonably have been expected to cross counsel's mind. But even more basically, given the signed pretrial order and counsel's actions at the July 25 conference before Judge Schwartz, determination of whether plaintiff made a deliberate waiver, as opposed to a mistake, entails a factual issue that is entirely collateral to the merits of this case—a factual issue that potentially involves receiving evidence from plaintiff's counsel and Judge Schwartz's law clerk, at an absolute minimum, and perhaps defense counsel and the plaintiff herself.

Whatever might be appropriate in circumstances in which a party had less clearly manifested what to all outward appearances was an express waiver of a jury, we see no

---

2. N.Y.CPLR 4102(e) (McKinney 1992).

reason to embark on the journey involved in resolving the factual issue thus tendered.

Accordingly, in the exercise of discretion, plaintiff's application for trial by jury is denied.

SO ORDERED.

