**Debra VINCENT, Plaintiff,**

v.

**AST RESEARCH, INC., Defendant.**

**No. 00–CV–677(TJM/DRH).**

United States District Court, N.D. New York.

April 2, 2001.

---

Lawrence Zyra, Elissa R. Topolski, Grasso, Rodriguez, Grasso & Zyra, Schenectady, NY, for plaintiff.

Christopher Massaroni, Scott C. Paton, DeGraff, Foy, Holt–Harris & Kunz, LLP, of counsel, for defendant.

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

Plaintiff Debra Vincent ("Vincent") commenced this action against AST Research, Inc. ("AST") asserting claims of negligence, strict products liability and breach of warranty. Presently pending is a motion by Vincent for leave to file a late jury demand. Docket Nos. 16 & 17. AST opposes the motion. Docket Nos. 19 & 20. For the reasons which follow, the motion is granted.

### I.  Background

Vincent brought this action in New York State Supreme Court, Schenectady County in November 1999.  Paton Aff. (Docket No. 19), ¶ 3.  On May 3, 2000, prior to serving an answer, AST removed the action to this Court based upon diversity of citizenship. *Id.* at ¶ 4, Exs. B & C; *see also* 28 U.S.C. § 1332(a).  The original state court pleadings did not contain a jury demand.  Topolski Aff. (Docket No. 16), ¶ 4.  On September 5, 2000, the undersigned issued a Uniform Pretrial Scheduling Order setting December 1, 2000 as the deadline for amendments of pleadings and June 1, 2001 as the deadline for discovery.  Docket No. 15.  Vincent filed the instant motion on October 11, 2000.  As of that filing, no depositions had been taken and the only discovery was interrogatories served by AST.  Topolski Aff., ¶ 6.

### II.  Discussion

With respect to cases removed from state court to federal court, Fed.R.Civ.P. 81(c) provides, in relevant part:

In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest.  If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition.  A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal.  If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.

By its terms, Rule 81(c) addresses three possibilities: 1) cases where all pleadings are filed prior to removal, 2) cases where an express jury demand was made prior to removal, and 3) cases where state law does not require an express jury demand to be made. Fed.R.Civ.P. 81(c); *Reliance Elec. Co. v. Exxon Capital Corp.*, 932 F.Supp. 101, 102 (S.D.N.Y.1996) (discussing cases in which Rule 81(c) applies).

Here, as is true with most cases removed from New York state courts, none of the possibilities specified in the rule apply.  Indeed, cases removed from New York typically "fall[ ] within a gray area not covered by Rule 81(c)."  *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir.1983).  This is due in large part to the fact that while a jury trial must be specifically requested in New York, that request need not be made

until the eve of trial, thus precluding the third Rule 81(c) possibility. This also typically means that removal will occur first, precluding the second Rule 81(c) possibility. *See generally* David D. Siegel, *New York Practice*, §§ 369 & 378 (2d ed.1991) (discussing manner and timing for jury demand in New York state courts). Finally, removal must be effected so quickly after filing a complaint in state court that rarely will all pleadings be filed prior to removal, precluding the first Rule 81(c) possibility. *See* 28 U.S.C. § 1446(b) (removal required within thirty days).

■ Vincent asks this Court to exercise its discretion pursuant to Fed.R.Civ.P. 81(c) to permit the late filing of a jury demand. Recognizing the special problems created by New York's unique jury demand rules, the Second Circuit has directed district courts to consider three factors in determining whether to permit the late filing of a jury demand. A court must consider whether (1) the matter at issue is one traditionally tried to a jury, (2) the parties assumed the case was jury or non-jury, and (3) prejudice will occur to the defendant from granting a jury trial. *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir.1975); *see also Cascone*, 702 F.2d at 392; *TSI Energy, Inc. v. Stewart & Stevenson Operations, Inc.*, No. 98–CV–331, 1998 WL 903629, at *7 (N.D.N.Y. Dec. 23, 1998) (McAvoy, C.J.). *Higgins* thus controls disposition of this case.[1]

■ The first *Higgins* factor clearly weighs in favor of Vincent. This is a products liability case seeking recovery for personal injuries. Such a case is one normally tried to a jury. *See, e.g., Higgins*, 526 F.2d at 1007; *Czenszak v. Director, Church Wardens & Vestrymen of Trinity Church in City of New York*, 871 F.Supp. 201, 203 (S.D.N.Y. 1994); *Priestley v. American Airlines, Inc.*, No. 89–Civ.–8265, 1991 WL 19811, at *2 (S.D.N.Y. Feb. 1, 1991).

The second factor concerns the assumptions of the parties. AST appears to contend that since the September 5, 2000 Uniform Pretrial Scheduling Order clearly specifies that this is a non-jury case, both parties were acting under the assumption that this would be a non-jury trial. Def. Mem. of Law (Docket No. 20), p. 5. Vincent, however, filed this motion only approximately one month after such order and counsel stated that she is unfamiliar with the federal rules. Pl. Mem. of Law (Docket No. 17), p. 2. Furthermore, there is no evidence of, nor does AST allege, any bad faith on the part of Vincent. Even if this factor was weighed against Vincent, it is not dispositive of this motion. *See Baker v. Amtrak Corp.*, 163 F.R.D. 219, 221 (S.D.N.Y.1995); *Ballack v. Biomet, Inc.*, No. 96–Civ.–145, 1996 WL 1088922, at *3 (E.D.N.Y. July 23, 1996); *Czenszak*, 871 F.Supp. at 203 (the *Higgins* factors must be "weighed" or "balanced"). Therefore, this Court turns to the issue of prejudice to AST.

AST has failed to offer any reason to believe that it would be prejudiced by permitting a jury trial in this matter. This is arguably the most significant *Higgins* factor and an absence of prejudice strongly favors permitting the late filing of the jury demand. *Turkenitz v. Metromotion, Inc.*, No. 97–Civ.–2513, 1997 WL 773713, at *7 (S.D.N.Y. Dec. 12, 1997). The prejudice this factor contemplates must come from the untimeliness of the demand rather than from the mere fact that a jury, not a judge, will decide the case. *Reliance Elec. Co.*, 932 F.Supp. at 103; *National Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*, 928 F.Supp. 394, 398 (S.D.N.Y.1996). A jury demand made early in discovery, prior to a time when the defendant has begun to make trial preparations premised on the assumption of a bench trial, will rarely be sufficiently prejudicial to defeat a party's request for a jury trial. *Dominguez v. Eastern Photo Chem., Inc.*, No. 91–Civ.–8630, 1992 WL 80765, at *3

---

1. AST contends that this Court should apply the standard set forth in *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir.1967). *Noonan* held that inadvertence was not a proper ground for leave to file a late jury demand. 375 F.2d at 70. *Noonan*, however, applies to actions which originated in federal court. *Higgins* applies to cases, as here, which are removed from state to federal court. *See Cascone*, 702 F.2d at 392, 393; *see also Hester Indus., Inc. v. Tyson Foods, Inc.*, No. 93–CV–0391, 1994 WL 774634, at *5, n. 1 (N.D.N.Y. Aug. 15, 1994) (McAvoy, J.).

(S.D.N.Y. Apr. 10, 1992). Here, the demand was made very early in the discovery process before depositions were taken and before AST could argue that its case preparations have significantly advanced. This third factor, therefore, weighs in favor of Vincent.

On balance, application of *Higgins* supports granting the pending motion. The fact that this is an action that would normally be tried before a jury strongly supports Vincent's position. The absence of articulated or apparent prejudice to AST also strongly supports granting the motion. Finally, while it may be arguable as to exactly what were the assumptions of the parties concerning a jury trial, the clear weight with which the other factors favor Vincent would outweigh this factor even if it is accepted that the parties assumed a non-jury trial. *Ballack*, 1996 WL 1088922, at *3 ("the traditional preference for jury trials and the lack of prejudice to the defendant, . . . outweigh this particular factor.").

Accordingly, under *Higgins*, Vincent's motion is granted. Vincent may file and serve her jury demand on or before **April 16, 2001**.

### III. Conclusion

**WHEREFORE,** for the reasons set forth above, it is hereby

**ORDERED** that:

1. Vincent's motion for leave to file a late jury demand is **GRANTED**; and

2. Vincent may file and serve a jury demand on or before **April 16, 2001**.

**IT IS SO ORDERED.**