**VIRGIN AIR, INC., Plaintiff,**

v.

**VIRGIN ATLANTIC AIRWAYS, LTD., and Virgin Enterprises Limited, Defendants.**

**VIRGIN ATLANTIC AIRWAYS, LTD., and Virgin Enterprises Limited, Counterclaimants,**

v.

**VIRGIN AIR, INC., Counterdefendant.**

**No. 92 Civ. 2894(MEL).**

United States District Court, S.D. New York.

Oct. 20, 1992.

As Amended Oct. 27, 1992.

---

Dean J. Caras & Associates, (Dean J. Caras, of counsel), Chicago, Ill., for Virgin Air, Inc.

Ladas & Parry, Joseph J. Villapol, (Robert Alpert, Concettina Sacheli, of counsel), New York City, for defendants/counterclaimants Virgin Atlantic Airways, Ltd. and Virgin Enterprises Ltd.

LASKER, District Judge.

Virgin Air, Inc. ("Virgin Air") commenced this action on December 18, 1991 in the United States District Court for the Northern District of Illinois. It made no jury demand at that time. On motion by Virgin Atlantic Airways ("Virgin Atlantic"), the case was then transferred to this Court under 28 U.S.C. § 1404(a). Virgin Atlantic answered the complaint on April 28, 1992 and, together with Virgin Enterprises Limited ("Virgin Enterprises"), asserted counterclaims for trademark infringement and unfair competition. On May 21, 1992, Virgin Air served its reply to the counterclaims ("Reply"). On July 8, 1992, Virgin Air moved for leave to file an Amended Complaint with this Court and, in conjunction therewith, served a jury demand. Virgin Air subsequently limited its request for a jury trial to the issue of fraud. (Pl.'s Mem. in Opp. to Mot. at 2.) Virgin Atlantic has now moved to strike Virgin Air's jury demand for failing to meet the time requirement of Fed.R.Civ.P. 38.

Virgin Air admits that it has waived its jury right with respect to the issues raised in the original pleadings, but it argues that

that waiver does not apply to the issue of fraud [1] because it was allegedly first raised in the Amended Complaint and because the Amended Complaint adds Virgin Enterprises as a new defendant. It contends also that, even if the fraud issue was raised in the original pleadings, the Court should exercise its discretion under Fed.R.Civ.P. 39(b) to grant a jury trial despite plaintiff's waiver.

Virgin Atlantic responds that the issue of fraud is not new and that therefore the original waiver should apply. In addition, defendant argues that a jury trial should not be granted because plaintiff's inadvertent failure to make a timely demand is not a proper basis for the exercise of judicial discretion under Fed.R.Civ.P. 39(b).

The motion is granted.

## I.

■ New issues not previously part of a case are not covered by an initial waiver of the right to a jury. *Rosen v. Dick,* 639 F.2d 82, 94 (2d Cir.1980). Plaintiff argues that there is a new issue even if "the underlying facts are arguably the same [so long as] the ultimate issue for decision is different." *Cataldo v. E.I. Du Pont De Nemours & Co.,* 39 F.R.D. 305, 308 (S.D.N.Y.1966), *quoted in Rosen,* 639 F.2d at 94. Plaintiff also contends that there is a new issue so long as it does not "turn on the same matrix of facts" as the issues already raised, *Las Vegas Sun, Inc. v. Summa Corporation,* 610 F.2d 614, 620 (9th Cir.1979), *quoted in Rosen,* 639 F.2d at 95, but acknowledges that "the [mere] presentation of a new legal theory does not constitute the presentation of a new issue on which a jury trial should be granted," *Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1050 (9th Cir.1974), *quoted in Rosen,* 639 F.2d at 94.

The decisions cited by defendants define the concept of a "new issue" more narrowly. They rely on the Second Circuit's statement that the original waiver will be enforced "if the purportedly new issues are

simply artful rephrasings of existing issues." *Rosen,* 639 F.2d at 94; *see also Berisford Capital Corporations v. Syncom Corporation,* 650 F.Supp. 999, 1002 (S.D.N.Y.1987). Moreover, an issue is not new if it falls into "the same general area of dispute," or merely "clarifies 'the same general issues'" already raised in the original pleadings. *Lanza v. Drexel & Co.,* 479 F.2d 1277, 1310 (2d Cir.1973) (citation omitted). *See also Bank of India v. Handloom House (India) Ltd.,* 629 F.Supp. 281, 283 (S.D.N.Y.1986) ("When a party fails to demand a jury trial, he waives that right relating to all issues in the general area of dispute."); *Anaconda–Ericsson, Inc. v. American District Telegraph Company,* 101 F.R.D. 13, 15 (E.D.N.Y.1984) (waiver operates as to "all issues relating to the general area of dispute.").

■ At the very least these cases establish that a "new issue" does not exist unless there is a factual determination to be made by the jury that falls outside the matrix of fact already covered in the pleadings. Virgin Air has not made such a showing in this case. It argues that the allegations of fraud in the Amended Complaint do not arise out of the same facts as the other issues already alleged in the original pleadings, but actually those facts were already described by Virgin Air in its Reply in its "Second Affirmative Defense." Plaintiff's Reply alleged that:

48. [D]efendant, Virgin Atlantic was aware of the plaintiff's use of the name "Virgin Air" ... since as early as 1985....

49. Section 1(a)(1) of the Lanham Act requires an applicant to represent "that no other person, ... to the best of his knowledge and belief, has the right to use such mark in commerce...."

\* \* \* \* \* \*

51. [D]efendant's alleged U.S. registration was obtained, therefore, through fraud, and is neither valid nor incontestable and should be revoked.

---

**1.** "The issue of fraud," (Pl.'s Mem. in Opp. at 2), refers to Virgin Air's Ninth Claim for Relief in its Amended Complaint which charges Virgin

Enterprises with misrepresentations in connection with the registration of the VIRGIN mark. (Pl.'s Am.Compl. ¶¶ 52–61.)

Reply ¶¶ 48–51. The Amended Complaint makes virtually the same allegations:

> 55. [B]oth the defendants ... knew or should have known of the existence of plaintiff, and therefore knew or should have known that the name "Virgin" was reserved exclusively for the use of plaintiff....

> \*    \*    \*    \*    \*    \*

> 57. Defendant, Virgin Enterprises Limited, has obtained registration of the name "Virgin" ... through deliberate deceit and misrepresentation....

> 58. Defendant, Virgin Enterprises Limited, has failed to meet the requirements of [Section (1)(a)(1) of the Lanham Act] in the filing of the application, whereby the application is insufficient and the registration resulting therefrom is void.

Am.Compl. ¶¶ 55–58. The essence, if not the exact language, of the allegations is the same. The only material difference, as discussed below, is that they are made against Virgin Enterprises in the Amended Complaint.

## II.

■ The Court of Appeals has strongly indicated that the addition of a new party does not revive a jury trial demand.

> We have held that even an amendment to the complaint revives the right to demand a jury "only if the amendment changes the issue," and we are doubtful that the mere addition of co-defendants one year after expiration of [the party's] time to demand a jury trial revived its previously waived jury trial rights.

*State Mutual Life Assurance Company of America v. Arthur Andersen & Co.*, 581 F.2d 1045, 1049 (2d Cir.1978) (citation omitted). In a more recent decision the Court of Appeals for the Fifth Circuit held that the addition of a party to a counterclaim did not create new issues of fact. *Daniel International Corporation v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063–64 (5th Cir.1990). In light of these decisions, Virgin Air's contention that it is entitled to a jury trial of the fraud claim because of the addition of a new party is rejected.

## III.

■ Virgin Air contends that the Court should use its discretion to grant a jury trial under Fed.R.Civ.P. 39(b) with respect to the fraud claim even if the jury demand is untimely. Fed.R.Civ.Proc. 39(b) provides that:

> notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Inadvertence is no reason to grant relief to a party from its waiver of a jury trial. *Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 307 (2d Cir.1986). Indeed, "the area open to the judge's discretion has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief." *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir. 1967). The jury waiver "rule should not be vacated under the guise of exercising discretion." *Printers II, Inc. v. Professional Publishing, Inc.*, 596 F.Supp. 1051, 1053 (S.D.N.Y.1984).

Virgin Air argues that this Court should exercise its discretion to grant a jury trial under Fed.R.Civ.P. 39(b) "in the absence of strong and compelling reasons to the contrary." *Cascone v. Ortho Pharmaceutical Corporation*, 94 F.R.D. 333, 339 (S.D.N.Y. 1982). But, on appeal in *Cascone*, the Second Circuit reaffirmed the rule of *Noonan* and limited the more permissive standard applied by the lower court to the facts of that case. *Cascone*, 702 F.2d 389 at 392 (2d Cir.1983) (case had been removed from state court and plaintiff's counsel was apparently unfamiliar with federal civil practice).

Virgin Air also argues that it could not have raised the fraud claim in its original Complaint because "plaintiff was not made aware of the potential for a fraud claim until well after the initial pleadings had been served," (Pl.'s Mem. in Opp. at 5). But while it may be the case that plaintiff was not aware of a potential fraud claim when the original complaint was filed, plaintiff was undoubtedly aware of the fac-

tual basis for such a claim when it served its Reply on May 21, 1992: the Reply, as discussed above, contained the factual allegations about defendants' fraud in obtaining the federal registration for the VIRGIN mark. That plaintiff did not serve its jury demand within 10 days from that date, can only be attributed to plaintiff's inadvertence which is an insufficient basis for the exercise of discretion in plaintiff's favor.

The motion to strike the jury demand is granted.

It is so ordered.