Luis LIRIANO, Plaintiff,

v.

HOBART CORPORATION, Defendant.

HOBART CORPORATION, Plaintiff,

v.

SUPER ASSOCIATED, Third–
Party Defendant.

No. 94 Civ. 5279.

United States District Court,
S.D. New York.

April 12, 1995.

Gary P. Deutschmeister, Trolman, Glaser & Lichtman, P.C., New York City, for plaintiff.

Saul Wilensky, Lester Schwab Katz & Dwyer, New York City, for defendant and third-party plaintiff.

William H. Kimball, New York City, for third-party defendant.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Plaintiff Luis Liriano ("Liriano") sues defendant Hobart Corporation ("Hobart") for injuries sustained while using a meat cutter manufactured by Hobart. Plaintiff now moves, pursuant to Fed.R.Civ.P. 39(b), for leave to demand a jury trial. For the reasons set forth below, plaintiff's motion is granted.

## BACKGROUND

Liriano commenced this personal injury action against Hobart on March 29, 1994, in New York Supreme Court, Bronx County. Pursuant to this Court's diversity jurisdiction, Hobart removed the case to this Court on July 19, 1994. At the time of removal, the only extant pleading was the complaint, which did not contain a demand for a jury. On August 3, 1994, Hobart filed an answer to Liriano's complaint and a third-party complaint for indemnification and contribution against Super Associated, Liriano's employer. Hobart subsequently filed an amended third-party complaint on August 19, 1994. Super Associated answered this complaint and filed a counterclaim against Hobart on November 30, 1994. On January 13, 1995, Hobart answered Super Associated's counterclaim.

Judge Wood held an initial pre-trial conference in the case on November 4, 1994. According to Liriano's counsel, the parties discussed the issue of a jury trial at the conference. See Affidavit of Gary Deutschmeister, dated February 8, 1995 ("Deutschmeister Aff."), Counsel for plaintiff, at ¶ 5. Judge Wood informed Liriano's counsel that, because he had failed to timely request a jury, he was now required to make a motion to request a jury trial. Id. at ¶ 5. The case was then transferred to me on December 10, 1994, and a conference was held on January 13, 1995. At this second conference, I permitted Liriano to make a motion to request a jury trial. On February 9, 1995, plaintiff formally made this motion.

## DISCUSSION

Liriano concedes that he did not timely demand a jury trial under the Federal Rules. Rule 81(c) of the Federal Rules of Civil Procedure governs the timeliness of jury demands in cases removed to federal court. However, Rule 81(c) is limited to cases in which i) all necessary pleadings have been served prior to removal, ii) a party has requested a jury trial in accordance with state law prior to removal, or iii) state law does not require the parties to expressly demand a trial by jury. See Fed.R.Civ.P. 81(c); Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 390 (2d Cir.1983). The instant case does not fit into any of these categories: only Liriano's complaint had been filed at the time of removal, no party demanded a jury trial in state court, and New York law requires an express jury demand.[1] In this "grey area" not covered by Rule 81(c), a party seeking to obtain a jury

1. Under New York practice, a jury is demanded in the note of issue, which is filed at the conclusion of pretrial proceedings. N.Y.Civ.Prac.L.R. § 4102(a) (McKinney 1992).

trial must ask a court to exercise its discretion under Fed.R.Civ.P. 39(b).[2] *See Cascone,* 702 F.2d at 390 (citing *Higgins v. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir.1975).

■ Rule 39(b) of the Federal Rules grants a court discretion to order a trial by jury even where a jury demand was untimely filed.[3] It is well settled that where a party files an untimely jury demand because of "mere inadvertence," a court may not grant relief under Rule 39(b). *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir.1967) (Friendly, J.) (holding that "mere inadvertence" is an insufficient basis for granting Rule 39(b) relief). In cases removed from state court, however, the Court of Appeals has indicated that in such cases a district court "ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." *Cascone,* 702 F.2d at 392 (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2334 at 116 (1971)). The stated rationale for this approach is that a removed party did not choose the federal forum and there should thus be "some 'play in the joints' for accommodating a removed party who may not be at ease in the new surroundings imposed upon him." *Cascone,* 702 F.2d at 392.

■ The *Cascone* court also laid out three criteria to be considered by a district court in deciding an application under Rule 39(b): (1) whether the issue in the case is one traditionally triable by jury; (2) whether the parties were operating on the assumption that the trial would be a bench trial; and (3) whether the party opposing the jury demand would be unduly prejudiced if the court permitted a

jury trial. *Id.* at 392–93 (citing *Higgins v. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir. 1975)).

■ Applying these factors to the instant case, the Court concludes that Liriano's motion should be granted. The first criteria cuts in Liriano's favor because personal injury cases are traditionally triable by juries. *See Landau v. National Railroad Passenger Corp.,* 97 F.R.D. 723, 725 (S.D.N.Y.1983) ("[N]o competent personal injury plaintiff's counsel would frame such a complaint and waive a jury."). The second criteria, however, is somewhat ambiguous: while Hobart claims that it operated on the assumption that there would not be a jury trial until plaintiff formally made its motion on February 9, 1995, Hobart was aware from at least the first pretrial conference on November 4, 1994 that Liriano desired a jury trial and was contemplating a Rule 39(b) motion. *See* Affidavit of Saul Wilensky, dated February 27, 1995 (Wilensky Aff.), Counsel for Defendant, at ¶ 16. In addition, the issue of a jury trial was again discussed at the pretrial conference on January 8, 1995, at which time the Court granted Liriano permission to make a Rule 39(b) motion. At best, then, Hobart may have assumed that Liriano's failure to make a Rule 39(b) motion before January 8, 1995 indicated that Liriano would not request and receive a jury trial. However, even if this second criteria does somewhat favor Hobart, it is outweighed by the traditional preference for jury trials in personal injury actions and the lack of prejudice to Hobart, discussed below.

■ Hobart claims it will be prejudiced if the Court grants Liriano's motion for two reasons. First, Hobart claims it would have prepared for trial differently if it had anticipated a jury trial. Specifically, Hobart alleg-

---

**2.** Liriano's demand is also untimely under Fed. R.Civ.P. 38(b). Rule 38(b), applicable generally to cases in the federal courts, states that a jury demand must be made not later than ten days after the service of the last pleading directed to the issue to be decided by the jury. Liriano's jury demand is clearly untimely under this standard: Hobart filed its answer to Liriano's claims on August 3, 1995, and Liriano did not demand a jury until February 9, 1995—the date he filed the instant motion.

**3.** Rule 39(b) provides:

(b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the Court; but, notwithstanding the failure of a party to demand a trial by jury in an action in which such a demand might have been made of right, the Court in its discretion upon motion may order a trial by a jury of any or all of those issues.

es it used a "less-cost intensive approach" to the depositions of Liriano, Hobart, and two fact witnesses, the inspection and demonstrative videotaping of the meat cutter that injured Liriano, and the pre-trial investigation of the accident. Wilensky Aff. at ¶ 10. The Court finds these claims unconvincing: besides providing little, if any, detail as to exactly how it would have conducted the depositions, videotaping and inspection of the meat cutter, and pre-trial investigation differently, Hobart has not shown any prejudice from this conduct.[4] Even if Hobart used a "less cost-intensive approach" at Liriano's deposition on December 5, 1994, Liriano will testify at trial and Hobart will have the opportunity to cross examine him at that time.[5] Moreover, the depositions of the two fact witnesses Hobart claims to have conducted in a cost-effective manner took place *after* I granted Liriano permission to make a Rule 39(b) motion at the pretrial conference on January 8, 1995.[6]

█ Hobart also claims it will be prejudiced if Liriano's motion is granted because it failed to demand a jury trial in its third party action against Super Associated based on Liriano's failure to demand a jury in the main case. However, Hobart has not detailed any potential prejudice from this failure other than the fact that the third party action will be a bench trial rather than a jury trial. Wilensky Aff. at ¶ 4. In the context of a Rule 39(b) motion, prejudice must arise from the untimeliness of a jury demand and not simply from the possibility that the trier of fact may be a jury or the Court. *Corinthian Media, Inc. v. Putnam*, 845 F.Supp. 143, 146 (S.D.N.Y.1994); *Figueroa v. Pratt Hotel Corp.*, 158 F.R.D. 306 (S.D.N.Y.1994).

Moreover, Hobart can also move for leave to demand a jury in the third party action if it feels that it would be more efficient and equitable to have both cases tried to a jury.[7]

Finally, the Court declines to penalize Liriano for his counsel's untimeliness in the absence of demonstrable prejudice to Hobart. *See Landau*, 97 F.R.D. at 725 (recognizing that "behind all of the procedural rules and regulations lurks a hapless client who bears no personal responsibility for this dilemma"); *Morrison v. Crown Equipment Corp.*, 1990 WL 270788 (E.D.N.Y. November 21, 1990) (same). For the reasons stated above and in accordance with the Court's discretionary power, Liriano's motion is granted.

SO ORDERED.

---

4. Super Associated, the third party defendant, also claims it will be prejudiced if Liriano's motion is granted. However, Super Associated provides no support for its claim of prejudice besides a bare conclusory assertion that it has been guided since commencement of the third party action by both parties' jury waivers. *See* Affidavit of William M. Kimball, dated March 1, 1995, Counsel for Third Party Defendant. Such bare assertions are insufficient to demonstrate prejudice in the context of a Rule 39(b) motion. *See Unger v. Cunard Line, Inc.*, 100 F.R.D. 472, 473 (S.D.N.Y.1984) (holding that mere conclusory affirmations of prejudice were inadequate to show prejudice in a Rule 39(b) motion).

5. Of course, Hobart cannot claim prejudice based on a "cost-effective" approach to its own deposition.

6. These depositions took place on January 24, 1995 and February 9, 1995. Wilensky Aff. at ¶ 10.

7. Liriano has stated that he would not oppose this demand. Reply Affidavit of Gary P. Deutschmeister, dated March 13, 1995, at ¶ 8. The Court would give favorable consideration to such a motion.