**Hallie BAKER, Plaintiff,**

v.

**AMTRAK CORPORATION, Defendant.**

**No. 93 Civ. 4888 (PKL).**

United States District Court,
S.D. New York.

Sept. 12, 1995.

Joanna L. Watman, Siff Rosen P.C., New York City, for Amtrak Corp.

Steven I. Fried, Wolf & Fuhrman, New York City, for Hallie Baker.

## MEMORANDUM ORDER

LEISURE, District Judge:

Plaintiff Hallie Baker moves for an order granting its untimely request for a jury trial in this personal injury action against defendant National Railroad Passenger Corporation ("Amtrak") (incorrectly sued as Amtrak Corporation). For the reasons discussed below, plaintiff's motion is granted.

Plaintiff filed this action in New York state court on June 22, 1993 for injuries allegedly received while a passenger on an Amtrak train on February 18, 1993. Amtrak removed the action to this Court on July 19, 1993. Plaintiff did not file a demand for a jury trial prior to removal, nor was there a timely demand once this action was removed to federal court.

Federal Rule of Civil Procedure 38(b) requires parties desiring a jury trial to file a written demand "not later than 10 days after the service of the last pleading directed to such issue." Failure to file a demand timely "constitutes a waiver . . . of trial by jury." Fed.R.Civ.P. 38(d).[1] However, Rule 39(b) grants the court discretion to order a trial by jury, on motion, even where a jury demand was not timely filed. Fed.R.Civ.P. 39(b).

Although the general rule in the Second Circuit is that mere inadvertence of counsel is not an adequate basis for allowing an untimely filing of a jury trial demand, *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir.1967), where a case has been removed from state court by the defendant, there is more " 'play in the joints' for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him." *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 392 (2d Cir.1983). In a removed case,

> " 'The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied.' "

---

1. Federal Rule of Civil Procedure 81(c) provides that in a removal case (1) where all necessary pleadings have been filed prior to removal, a jury can be demanded within 10 days of removal; (2) where a demand was made prior to removal, no demand need be made after removal; and (3) where state law applicable to the court from which the case is removed does not require an express demand for a jury, no demand need be made after removal. "None of the three situations cited in Rule 81(c) are directly applicable to the case at hand." *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 391 (2d Cir.1983) (applying Rule 39(b) discretionary relief to case where Rule 81(c) situations were not applicable).

*Id.* (quoting 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2334, at 116 (1971)). The courts weigh several factors: (1) whether the action is typically the type of case tried to a jury; (2) whether the parties have proceeded on the assumption that the case would be tried before a jury; and (3) whether the party opposing the jury request would be unduly prejudiced if the action were tried to a jury. *Cascone,* 702 F.2d at 392; *see Liriano v. Hobart Corp.,* 162 F.R.D. 453, 455–56 (S.D.N.Y.1995); *Czenszak v. Director, Church Wardens and Vestrymen of the Trinity Church,* 871 F.Supp. 201, 203 (S.D.N.Y. 1994).

 On balance, these factors weigh in favor of granting plaintiff's request for a jury trial. The first factor weighs in favor of plaintiff, for "[p]ersonal injury cases have traditionally been tried by a jury." *Czenszak,* 871 F.Supp. at 203 (citing *Higgins v. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir. 1975)). The second factor weighs in favor of defendant, who claims to have proceeded on the assumption that the case would be tried without a jury, and who expressed that view to the Court two months before this motion was made. *See* Affidavit of Joanna L. Watman ("Watman Aff.") ¶ 5–6. The third factor weighs in favor of plaintiff, for although Amtrak asserts that it "structured its defense of this matter based on its belief that this would be a bench trial," Watman Aff. ¶ 4, this assertion is "without any substantiation of how it has done anything differently or how it will be prejudiced," *Unger v. Cunard Line, Inc.,* 100 F.R.D. 472, 473–74 (S.D.N.Y.1984). *See Liriano v. Hobart Corp.,* 162 F.R.D. at 455–56 (S.D.N.Y.1995) (scrutinizing specific claims of differences in strategy and finding no prejudice); *CPH Int'l v. Phoenix Assurance Co.,* 1993 WL 485356, at *2 (S.D.N.Y. 1993) (requiring more than mere assertion of anticipation of bench trial and prejudice). *But see Edwards v. National R.R. Passenger Corp.,* No. 88 Civ. 4873, at 5 (S.D.N.Y. Mar. 9, 1989) (Leisure, J.) (defendant admitted liability on assumption that case would be tried without jury).

Weighing the factors applied above against each other, the Court in its discretion finds that although the "second criteria does ...

favor [Amtrak], it is outweighed by the traditional preference for jury trials in personal injury actions and the lack of [specific] prejudice to [Amtrak]." *Liriano,* 162 F.R.D. at 455–56.

## CONCLUSION

For the above reasons, plaintiff's motion to file a jury demand *nunc pro tunc* is HEREBY GRANTED. All further trial submissions are due on September 27, 1995.

*SO ORDERED.*