**SHERWOOD APARTMENTS, Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Defendant.**

**CIV–82–227E.**

United States District Court, W.D. New York.

March 26, 1984.

Joseph DeMarie, Buffalo, N.Y., for plaintiff.

Paul K. Stecker, Buffalo, N.Y., for defendant.

MEMORANDUM and ORDER

ELFVIN, District Judge.

This is a breach of contract diversity jurisdiction action instituted by plaintiff Sherwood Apartments ("Sherwood") in a New York state court against defendant Westinghouse Electric Corporation ("Westinghouse"). The Complaint was served on Westinghouse February 8, 1982, and did not contain a jury demand. Westinghouse removed the case to this Court March 10, 1982. Sherwood submitted a letter August 17, 1982 to the Clerk of the Court demanding a jury trial, and Westinghouse responded in a letter of August 19, 1982 that such a demand was untimely. Sherwood has now moved for a jury trial and, for the reasons set forth below, the motion must now be granted.

Sherwood asserts that its failure to make a timely demand for a jury trial pursuant to Fed.R.Civ.P. rule 38(b) was due to an oversight in that the case had been commenced in state court (where no jury demand need initially be made). Sherwood also contends that, because of substantial issues of fact involved, justice would better be served if a jury trial were had.

■ Whether this case is to be tried to a jury is controlled by Fed.R.Civ.P. rule 81(c) rather than by rule 39(b). The latter applies where the lawsuit was initiated in the federal court as in *Washington v. New York City Bd. of Estimate*, 709 F.2d 792 (2d Cir.1983), and *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir.1967). In such a situation mere inadvertence is not a sufficient excuse, even where the plaintiff was acting *pro se* until just prior to the start of trial. *Washington v. New York City Bd. of Estimate, supra.* Where, however, the lawsuit had been initiated in a state court and subsequently transferred to a federal court, rule 81(c) obtains. The pertinent part thereof reads:

"[a] If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of the filing of the petition. [b] A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. [c] If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed

constitutes a waiver by him of trial by jury."

Neither [a] nor [b] is usable in this instance. The Petition for Removal was filed with the Clerk of this Court March 10, 1982 and, while there is no showing of the time of any service on plaintiff of the notice of the filing of said Petition, such must have occurred prior to March 15, 1982 when plaintiff's counsel swore to an affidavit opposing the removal. The Answer was served March 15, 1982 and was filed March 18, 1982. In the absence of contrary indication from the plaintiff, compliance with the service and filing requirements of 28 U.S.C. § 1446(e) is assumed. Similarly there is nothing before me to show that either party made an express demand for a jury trial before the removal here; subsection 4102(a) of New York's Civil Practice Law and Rules ("the CPLR") prohibits such until issue has been joined and a "note of issue" has been or is filed. Thus the instant motion to be relieved of having waived a jury trial—or to be accorded such a trial—is controlled by part [c] of rule 81(c), if it is controlled at all. *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir.1983), and *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir.1975), light the decisional path. Each case had started in the New York state courts and had been removed to the United States District Court for the Southern District of New York. In each the party seeking trial by jury had failed to make a timely demand therefor, at least within the parameters of rule 38(b). In *Higgins* the parties and the court had proceeded to the threshold of trial on the assumption that there would be a jury trial; the trial judge then ruled that whether the case would be tried to a jury or by himself was within his discretion under rule 39(b). Plaintiff's motion for a jury trial (as of right or via the judge's discretion) was met by advice from chambers that a statement would be made on the record before the start of a non-jury trial. The plaintiff petitioned for a writ of mandamus. While the appellate court made rulings and observations helpful here, it essentially ruled *per curiam* that

the matter was within the trial judge's sound discretion and directed him to exercise such. The appellate court did, however, rule that part [c] of rule 81(c) was, strictly speaking, inapplicable because a note of issue was not any part of the federal procedure but New York did require a demand. It then said:

"At the same time, however, the applicable state law does permit the trial court to 'relieve a party from the effect of failing to comply with [section 4102(a) of the CPLR] if no undue prejudice to the rights of another party would result.' * * * We think this discretionary right must be read into the language of Rule 81(c); it comports also with Rule 39(b). The framers of Rule 81(c), taking into account the clear cut situations where state law either requires a demand or not, did not expressly consider the gray situation here present where state law permits discretionary relief. *We think that in this situation the Rule compels the exercise of sound district court discretion and that that court is by no means compelled to deny relief here.*" (Emphasis supplied.) *Higgins v. Boeing Co.,* supra at 1007.

The "discretionary right" thus to be read into rule 81(c) is subsection 4102(e) of the CPLR which declares that "[t]he court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result." Obviously, while subsection 4102(e) is permissive and not mandatory, the focus is blatantly on undue prejudice *vel non.*

The trial judge in *Cascone v. Ortho Pharmaceutical Corp.,* supra, found that the defendant had not been prejudiced by the untimeliness of its opponent's demand and, in the exercise of his discretion, ruled that there would be a jury. On a certified pretrial appeal it was, by necessary implication, ruled that the trial judge had power to grant the untimely demand and that he had not erred in doing so. It was held that the grant or denial was one of discretion and the incompatibility of New York's jury demand procedures with rule 81(c) was again noted. The allowance of a jury trial was upheld. That the appellate court considered that *Higgins* and *Noonan* operated in the same matrix and that rule 39(b) somehow is applicable to removed cases does not derogate this reaffirmation of *Higgins.*

In the instant situation there has been neither assertion nor showing of any undue prejudice to Westinghouse should a jury trial now be ordered. It points to the gross delay by Sherwood after it had become apparent to both parties that a jury trial had not been demanded and after Sherwood knew that Westinghouse was opposing trial by jury. Such delay is of no effect in these premises, however, unless it works undue prejudice. Westinghouse, even if such delay did produce such prejudice, had a mitigating procedure available to it. New York does ultimately require a demand for trial by jury so that, as noted in *Higgins,* it doesn't expressly fit the pattern of rule 81(c) but, during that lengthy initial phase of a state court proceeding when the issue has not yet been joined and a note of issue cannot be filed, a jury demand also cannot be filed. There is, prior to the filing of a note of issue, a sufficient parallel to part [c] of rule 81(c) to permit either party to request the federal court, to which removal has been had, to direct that the filing of any jury demand be made within a specified time frame. Westinghouse made no such request.

It is hereby ORDERED that the motion of the plaintiff that this case be tried to a jury is granted.