**CORINTHIAN MEDIA, INC.**, Plaintiff,

v.

James P. **PUTNAM**, Defendant.

No. 93 CIV. 1908 (KMW).

United States District Court,
S.D. New York.

Feb. 16, 1994.

144

Sharon H. Stern of Parker, Chapin, Flattau & Klimpl, New York City, for plaintiff.

Michael C. Silberberg of Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

### KIMBA M. WOOD, District Judge.

Plaintiff Corinthian Media, Inc. sues defendant James Putnam, a former employee, for breach of a confidentiality agreement, breach of fiduciary duty, and misappropriation of confidential information. Defendant moves to strike plaintiff's jury demand as untimely. For reasons stated below, defendant's motion is denied.

### Background

Plaintiff brought this action in New York State Court for the County of New York on March 2, 1993. The complaint did not contain a demand for trial by jury. Defendant removed the action to federal court on March 24, 1993, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and Federal Rule of Civil Procedure 81(c). At the initial pre-trial conference before Judge Freeh on May 10, 1993, the court inquired as to whether or not the case was to be tried by a jury. Defendant replied that no demand for a jury had been filed and that the time for such a demand had passed. Plaintiff expressed no intention to seek a jury trial at that time. Silberberg Aff. at ¶ 7.

On May 27, 1993, plaintiff filed a jury demand. Defendant promptly moved to strike, arguing that the demand was untimely under Rules 38(b) and 81(c) of the Federal Rules of Civil Procedure. Plaintiff argues in response that the demand is not untimely, and that the proper standard for the court to apply in deciding whether to grant plaintiff's motion to strike is section 4102(e) of the New York Civil Practice Law and Rules ("CPLR"). On August 16, 1993, the case was transferred to me.

### Discussion

The timeliness of jury demands in cases removed from federal court is governed by Federal Rule of Civil Procedure 81(c). Rule 81(c) sets out three separate rules for the timeliness of jury demands which apply to three separate sets of circumstances. See Sherwood Apartments v. Westinghouse Electric Corp., 101 F.R.D. 102, 103 (W.D.N.Y. 1984). The first and second situations ((1) where all necessary pleadings have been served before removal, and (2) where a party has requested a jury demand before removal in conformity with state law) do not describe the instant case, and thus the rules governing those situations do not apply here. The third rule governs situations in which the applicable state law "does not require the parties to make express demands in order to claim trial by jury." Fed.R.Civ.P. 81(c). In such cases, the parties need not make a jury demand at any particular point after removal unless the court directs that they do so within a specified time.

This case does not fall squarely within the third situation outlined in Rule 81(c), because the applicable state law, New York Civil Practice Law and Rules ("CPLR") § 4102(a) (McKinney 1991), requires the filing of "a note of issue containing a demand for a jury."[1] Although no deadline is explicitly mandated under the state statute, because it requires the filing of an "express demand," the third situation defined in Rule 81(c) does not apply. See Higgins v. Boeing Co., 526 F.2d 1004, 1007 (2d Cir.1975). As the Court of Appeals for the Second Circuit stated in Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 391 (2d Cir.1983), "the practice in New York falls within a gray area not covered by Rule 81(c)."

1. There is no federal procedure closely analogous to the New York State "note of issue."

Plaintiff asks the court to conclude from this analysis that no federal law governs, that it is entitled to file a jury demand any time up until trial, and thus that its demand is not untimely. Pl.'s Opp.Mem. at 1–2. The court notes that plaintiff's argument appears to contradict the general thrust of Rule 81(c), which is to require early filings except where state law provides for trial by jury without a demand. I need not reach the question of whether plaintiff's jury demand is timely, however, because I conclude that, even if the demand is untimely, the court has discretion to grant the demand, and should grant the demand here.

Federal Rule of Civil Procedure 39(b) grants a court the discretion to permit trial by jury even where a demand was untimely filed.[2] Two distinct lines of cases govern the scope of the court's discretion to grant relief under Rule 39(b). In *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir.1967), a case originally filed in federal court, the Court of Appeals for the Second Circuit held that "mere inadvertence" is an insufficient basis for granting relief under Rule 39(b). *Noonan* did not involve a removed action, but the *Noonan* standard has occasionally been applied to such actions. *See, e.g. Galella v. Onassis*, 487 F.2d 986, 996 (2d Cir.1973); *Richards v. Procter & Gamble Mfg. Co.*, 753 F.Supp. 71, 74 (E.D.N.Y.1991). Defendant argues that plaintiff's failure to file a jury demand was one of "mere inadvertence," and asks the court to apply the *Noonan* standard here.

A separate line of decisional law, however, has noted that, in instances where Rule 39(b) is applied to a case removed from state court, it must be read in conjunction with Rule 81(c) and state law governing the timing of jury demands. In *Higgins v. Boeing Company*, 526 F.2d 1004, 1007 (1975), the Second Circuit Court of Appeals looked to CPLR § 4102(e) for guidance as to the court's discretion to grant an untimely demand. CPLR § 4102(e) permits the court to "relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result." The *Higgins* court held that, where Rule 81(c) has created a gray area for cases removed

from New York state court, "this discretionary right must be read into the language of Rule 81(c); it comports also with Rule 39(b)." *Id.; see also Richards*, 753 F.Supp. at 74.

In *Higgins*, the Second Circuit remanded the case to the district court and laid out three criteria to be considered by the district court in exercising discretion to grant an untimely jury demand: (1) whether the issue in the case is one traditionally triable by jury; (2) whether the parties were operating on the assumption that the trial would be a bench trial; (3) whether the opposing party acquiesced in the jury demand, or if not, whether that party would be unduly prejudiced should the court permit a jury trial. The Court of Appeals emphasized that there may be other factors that come into play, and that the decision whether to grant relief is committed to the sound discretion of the district court. *Id.* Applying the *Higgins* criteria in the instant case, I conclude that defendant's motion should be denied.

■ The first criterion in *Higgins* is the nature of the issue to be tried. Defendant notes that, traditionally, issues involving only equitable relief are heard by the bench, *see Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970), and that breach of confidentiality, breach of fiduciary duties and misappropriation of confidential information commonly require equitable relief in the form of an injunction. Def.'s Mem. at 6. Here, however, plaintiff seeks money damages in addition to equitable relief. A legal claim for breach of contract, a claim traditionally tried to a jury, is included with plaintiff's equitable claims. Complaint at ¶¶ 17–19. *Sherwood Apartments v. Westinghouse Electric Corp.*, 101 F.R.D. 102 (W.D.N.Y. 1984). "As long as any legal cause is involved the jury rights it creates control. Such is the teaching of *Beacon Theatres, Inc.*, as we construe it." *Thermo–Stitch, Inc. v. Chemi–Cord Processing Corp.*, 294 F.2d 486, 491 (5th Cir.1961), *citing Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Thus, the case presents issues traditionally triable by jury.

---

**2.** Rule 39(b) provides:

Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to

demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

The second *Higgins* criterion is defendant's awareness that the case would be tried to a jury. Although the failure of Rule 81(c) to provide a clear deadline for making a jury demand makes it difficult to know when defendant was justified in believing that the time for a demand had expired, it is at least clear that defendant believed the trial would take place before a judge at the time of the pre-trial conference on May 10, 1993. Thus, defendant believed for at least three weeks (until May 27, when plaintiff filed its demand) that the trial would be a bench trial. The second *Higgins* factor therefore weighs slightly in favor of granting defendant's motion, but the court believes that it is outweighed by the traditional preference for jury trials and the lack of prejudice to defendant, noted below. *See Brooks v. Brooks*, 37 A.D.2d 835, 326 N.Y.S.2d 99 (1971) (denial of leave to file demand for jury trial was an improvident exercise of discretion where untimely jury demand caused a 14–day delay, with no additional proof of waiver or undue prejudice to opposing party).

As to the third *Higgins* criterion, defendant offers two arguments in support of the claim that he would be unduly prejudiced if relief were granted to plaintiff. The court finds both arguments unpersuasive. First, defendant contends that he would have conducted discovery differently if he had known he was preparing for a jury trial; specifically, he would have videotaped the second day of the deposition of plaintiff's principal. Def.'s Mem. at 10. Defendant contends that the deposed's demeanor would have been illuminating to a jury at the time of trial. But defendant does not explain on what basis such a videotape would be admissible at trial, or why, if it were admissible, the videotape would not be equally illuminating to a judge.

■ Second, defendant contends that plaintiff has marked many of the documents it has produced during litigation as "confidential" or "highly confidential." Defendant believes that a jury will be prejudiced by these labels and that no instruction from the bench is available to mitigate this prejudice. Although defendant concedes that these labels were made removable at his request, and need not be presented to the jury, he contends that any effort to have the labels removed prior to trial will require an extensive and costly motion *in limine* in which the court will be required to rule on the confidentiality of the documents. If defendant's claim is true, however, the court would have been required to rule on the confidentiality of these documents even if plaintiff's demand had been timely. To defeat the exercise of discretion to grant an untimely jury demand, prejudice must arise from the untimeliness of the demand, not simply from the possibility of a jury trial. *See Priestley v. American Airlines, Inc.*, 1991 WL 19811, *2, 1990 U.S.Dist.Lexis 18205 at *6 (S.D.N.Y.). *See also Elgarhi v. Dreis & Krump Mfg. Co.*, 131 F.R.D. 429, 430 (S.D.N.Y.1990).

The Supreme Court has ruled that "courts [should] indulge every reasonable presumption against waiver" of the right to a jury trial. *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177 (1937). In keeping with this admonition and in accordance with the discretionary power granted this court, defendant's motion to strike plaintiff's jury demand is denied.

SO ORDERED.