NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
Plaintiff–Counterdefendant,

v.

The L.E. MYERS CO. GROUP, The L.E.
Myers Co. and Lemco Engineers, Inc.,
Defendants–Counterplaintiffs.

The L.E. MYERS CO. GROUP, The L.E.
Myers Co. and Lemco Engineers,
Inc., Third–Party Plaintiffs,

v.

The EMAR COMPANY, American Risk
Management, Inc. and The Walsh
Group, Third–Party Defendants.

84 Civ. 7481 (SWK).

United States District Court,
S.D. New York.

June 19, 1996.

See also, 1995 WL 581692.

Lester Schwab Katz & Dwyer by Kenneth R. Maguire, Fern Flomenhaft, New York City, for Plaintiff–Counterdefendant.

Bell, Boyd & Lloyd by John P. Scotellaro, David D. Cleary, Chicago, Illinois, Cleary, Gottlieb, Steen & Hamilton, by Evan A. Davis, Barry D. Ford, New York City, for Defendants–Counterplaintiffs and Third–Party Plaintiffs.

James S. Rowen & Associates by James S. Rowen, New York City, For Third–Party Defendant The Emar Company.

Wilson, Elser, Moskowitz, Edelman & Dicker by Ramon D. Held, New York City, For Third–Party Defendant The Walsh Group.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Defendants The L.E. Myers Group, The L.E. Myers Co. and Lemco Engineers, Inc. (collectively "Myers") move for an order striking any jury trial demand for failure to timely make such a request under Federal Rule of Civil Procedure 38(b). National Union Fire Insurance Company of Pittsburgh, PA ("National Union") cross-moves for a jury trial. For the reasons set forth below, Myers' motion is denied and National Union's cross-motion is granted.

### BACKGROUND

National Union commenced the instant action on September 14, 1984 with the filing of its complaint in New York State Supreme Court. National Union sought a declaratory judgment that a claim against Myers for defectively designed electrical transmission towers was not within the insurance coverage provided by National Union.

The action was removed to federal court on October 17, 1984 without a "note of issue" requesting a jury trial having been filed in state court under state law.[1] On October 22, 1984, Myers filed its answer as well as a counterclaim against National Union in which it sought a declaration that it was entitled to coverage, and on November 5, 1984, National Union filed its reply to Myers' counterclaim. On February 21, 1985, Myers filed a third-party complaint against its insurance brokers for damages arising out of breach of contract, breach of fiduciary duty and negligence. The brokers each answered the third-party complaint and made various cross-claims against each other and against National Union, which in turn filed counterclaims against each of the brokers. On August 29, 1985, this action was transferred to the Court's suspense docket. Until that time, no party

---

1. N.Y.Civ.Prac.L. & R. § 4102(a) and (e) provide:
   (a) Demand. Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury.... A demand shall not be accepted for filing unless a note of issue is filed in the action. If no party shall demand a trial by jury as provided herein, the right to trial by jury shall be deemed waived by all parties. A party may not withdraw a demand for trial by jury without the consent of the other parties, regardless of whether another party previously filed a note of issue without a demand for trial by jury....
   (e) Relief by court. The court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result.

had filed a request for a jury trial in any court.

On February 22, 1994, the instant action was returned to the active docket, and the Court granted leave to the parties to file amended pleadings. On April 4, 1994, National Union served its First Amended Complaint, which included counts relating to coverage for the costs of defense of the underlying action, but failed to include any jury trial request. On April 19, 1994, Myers filed an answer to the Amended Complaint bearing the caption "Jury Trial Demanded."

Myers now moves for an order to strike any jury trial demand for failure of any party to make such a demand within ten days after service of the last pleadings, pursuant to Federal Rule of Civil Procedure 38(b). National Union opposes this motion and cross-moves for a trial by jury.

## DISCUSSION

### I. Jury Trial Under Rule 38

■ The Federal Rules of Civil Procedure proceed on the basic premise that a jury trial is waived unless a timely demand is filed. *See Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 391 (2d Cir.1983). Rule 38 requires that a written demand be served upon the adverse party no later than ten days after service of the last pleading directed to the issue. Fed.R.Civ.P. 38. The last pleading is normally an answer, or with respect to a counterclaim, a reply. Fed. R.Civ.P. 7(a), 12(a).

■ Nonetheless, in the Second Circuit, amendments to pleadings revive the right to request a jury trial if the amendment involves new issues or changes the original issues. *Lanza v. Drexel & Co.,* 479 F.2d 1277, 1310 (2d Cir.1973) (*en banc*); *Berisford Capital Corp. v. Syncom Corp.,* 650 F.Supp. 999 (S.D.N.Y.1987). To the extent new issues are presented, the right to a jury trial extends only to new issues alleged in the amended pleadings. *See Anaconda–Ericsson, Inc. v. American Dist. Tel. Co.,* 101

F.R.D. 13, 15 (E.D.N.Y.1984). A new issue "means something more than the evidence offered and the legal theories pursued, although these are pertinent factors." *Rosen v. Dick,* 639 F.2d 82, 94 (2d Cir.1980). The presentation of a new theory of recovery "does not constitute the presentation of a new issue on which a jury trial should be granted." *Id.* (quoting *Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1050 (9th Cir.1974)). Here, all answers and replies to complaints, counterclaims and cross-claims were filed no later than 1985. No party requested a jury within the ten day period after the service of the last pleading directed to any of the issues in these pleadings. Moreover, the amended pleadings filed by the parties after April 4, 1994 relate to the same underlying insurance coverage and brokers' negligence issues as the original pleadings filed in 1984 and 1985. Accordingly, the amended pleadings do not raise new areas of dispute which would entitle a party to request a jury.

### II. Jury Trial Under Rules 39(b) and 81(c)

Despite this analysis, Rule 39(b) permits a district judge to exercise discretion and grant a jury trial despite a party's failure to timely file a request under Rule 38. Rule 39(b) states:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Fed.R.Civ.P. 39(b). Two distinct lines of cases govern the scope of a court's discretion to grant relief under Rule 39(b). In *Noonan v. Cunard S.S. Co.,* 375 F.2d 69, 70 (2d Cir.1967), a case originally filed in federal court, the Second Circuit held that "mere inadvertence" is an insufficient basis for granting relief under Rule 39(b). *See also Galella v. Onassis,* 487 F.2d 986 (2d Cir. 1973) (same).[2] Myers argues that National

---

2. Although *Noonan* did not involve a removed action, the *Noonan* standard occasionally has

been applied to such actions. *See, e.g., Galella v. Onassis,* 487 F.2d 986, 996 (2d Cir.1973); *Rich-*

Union's failure to file a jury demand was at best "mere inadvertence," and asks the Court to apply the *Noonan* standard here.

Because this is a removed case, however, the issue of a jury trial demand is governed by a separate line of decisional law revolving around Federal Rule of Civil Procedure 81(c).[3] This second line of cases provides a somewhat relaxed standard where removal has occurred because in such situations "a plaintiff originally filed in a state tribunal but was taken to a different jurisdiction, perhaps against his will, but, in any event, to a forum not of his choosing." *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 392 (2d Cir. 1983). *See generally* 9 Wright & Miller, Federal Practice and Procedure, § 2334, at 115–16 (1971). Rule 81(c) refers the court to the law applicable in "the court from which the case is removed" to determine whether that law "does not require the parties to make express demands in order to claim trial by jury."[4] Fed.R.Civ.P. 81(c). If it does not, then plaintiff need not have made a demand until directed to do so by the Court.

▪ Under section 4102(a) of New York Civil Practice Law and Rules, a jury demand must be made by filing a "note of issue containing a demand for trial by jury." N.Y.Civ.Prac.L. & R. § 4102(a). New York state law also permits the trial court to "relieve a party from the effect of failing to comply with [section 4102(a)] if no undue prejudice to the rights of another party

would result." N.Y.Civ.Prac.L. & R. § 4102(e). Under these two provisions, the law of New York as to the necessity of demanding jury trial is "not clear, or at least is not fixed." *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir.1975). Because Rule 81(c) has created a gray area for cases removed from New York state court, "this discretionary right must also be read into the language of 81(c); it comports also with Rule 39(b)." *Id.; see also Richards v. Procter & Gamble Mfg. Co.*, 753 F.Supp. 71, 74 (E.D.N.Y.1991).

▪ In deciding whether it should grant an untimely jury request, the Court should consider three factors: (1) whether the issue in the case is one traditionally triable by jury; (2) whether the parties were operating on the assumption that the trial would be a bench trial; and (3) whether the opposing party acquiesced in the jury demand, or if not, whether that party would be unduly prejudiced should the Court permit a jury trial. *Higgins v. Boeing Co.*, 526 F.2d at 1007; *Corinthian Media, Inc. v. Putnam*, 845 F.Supp. 143 (S.D.N.Y.1994). Upon consideration of these factors, the Court concludes that National Union's cross-motion for a jury request should be granted.

First, the issues in the case are ones that are typically tried before a jury. National Union's claims involve fact-intensive questions regarding the construction and interpretation of an insurance policy, as well as

---

*ards v. Procter & Gamble Mfg. Co.*, 753 F.Supp. 71, 74 (E.D.N.Y.1991).

**3.** Federal Rule 81(c) provides:

These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.... If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by

jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Fed.R.Civ.P. 81(c).

**4.** The other provisions of Rule 81(c) do not apply in the present situation. The first, covering instances where all necessary pleadings have been served before removal, is inapplicable here because the answer and accompanying counterclaims were not filed until after the action was removed. The second provision, addressing situations where a party has requested a jury in accordance with state law prior to removal, also does not apply, since it is undisputed that the parties were silent as to a jury request until 1994.

the intent and understanding of various parties. Similarly, Myers is seeking a judgment for reimbursement, money damages and sanctions, issues which are triable by a jury under state law. *See* N.Y.Civ.Prac.L. & R. § 4101. In addition, because of the trial and settlement of the underlying state court action, what was previously an action for a declaratory judgment is now essentially an action by Myers for money damages.

■ With respect to the second and third factors, there is ample evidence that the parties have been acting under the assumption of a jury trial in this case, and that allowing a jury trial would not result in prejudice to any party.[5] Prejudice must arise from the untimeliness of the demand, not simply from the possibility of a jury trial. *Corinthian Media, Inc. v. Putnam*, 845 F.Supp. at 146; *Figueroa v. Pratt Hotel Corp.*, 158 F.R.D. 306, 308 (S.D.N.Y.1994). Here, there is substantial evidence that all parties have proceeded under the belief that the case would be tried before a jury, and Myers has failed to indicate specific instances or circumstances that have influenced its preparation for trial in any way. *See Elgarhi v. Dreis & Krump Mfg. Co.*, 131 F.R.D. 429, 430 (S.D.N.Y.1990) (finding prejudice where depositions and documentary evidence curtailed or aborted and expert witnesses not retained). In addition, the Court notes that Myers was the first party to request a jury trial in this case. As late as April 16, 1996, the parties submitted their Joint Pre–Trial Order to the Court stating that the trial was to be by jury, signed by Myers. Under these circumstances, the Court finds that Myers would not be prejudiced by a jury trial, and the proper exercise of the Court's discretion in this matter is to allow the case to proceed to trial by jury.

## CONCLUSION

For the reasons set forth above, Myers' motion to strike any jury trial demand is

denied, and National Union's cross-motion for trial by jury is granted.

SO ORDERED.

---

5. The untimeliness of this request may appear exaggerated by the approximately nine years this action spent on the suspense docket.