RELIANCE ELECTRIC COMPANY and
Reliance Electric Industrial
Company, Plaintiffs,

v.

EXXON CAPITAL CORPORATION and
Exxon Corporation, Defendants.

No. 96 Civ. 2678 (JGK).

United States District Court,
S.D. New York.

July 24, 1996.

Charles K. O'Neill, Chadbourne & Parke LLP, New York City, for Plaintiffs.

Robert M. Callagy, Satterlee Stephens Burke & Burke LLP, New York City, for Defendants.

## OPINION AND ORDER

KOELTL, District Judge:

The plaintiffs move for leave to file a demand for trial by jury pursuant to Fed. R.Civ.P. 39(b) and 81(c). The defendants oppose the plaintiffs' motion as untimely. For the reasons set forth below, the plaintiffs' motion is granted.

### I.

This dispute arises out of the purchase of certain stock by plaintiffs Reliance Electric Company and Reliance Electric Industrial Company (collectively, "Reliance") from defendants Exxon Capital Corporation and Exxon Corporation (collectively, "Exxon"). Reliance alleges that under the purchase agreement Exxon assumed certain environmental liabilities, specifically, to indemnify Reliance for losses arising out of any environmental claims relating to the operations of a particular subsidiary. Several such environmental claims are currently pending against Reliance.

On March 20, 1996, Reliance commenced this action for breach of contract and breach of duty of good faith and fair dealing in New York State Supreme Court, seeking monetary damages and a declaratory judgment. On April 19, 1996, before filing an answer, the defendants removed the action to federal court. Thereafter, the defendants requested, and received, the plaintiffs' consent to additional time within which to respond to the complaint. The defendants subsequently filed their answer on May 14, 1996.

Less than one month later, on June 10, 1996, the parties attended a case management conference before this Court. At the conference the Court asked the parties whether the case was to be tried to a jury. The plaintiffs' counsel indicated that they desired a jury trial although no formal demand had been made. There was an issue with respect to the timeliness of the jury demand and the Court invited the parties to brief the issue. The next day, the plaintiffs' counsel sent a letter to the defendants informing them of the plaintiffs' intent to file a demand for a jury trial. When defendants' counsel refused to agree to the jury demand, on June 14, 1996, the plaintiffs filed this motion for leave to demand a jury trial. The defendants oppose the motion as untimely.

## II.

Federal Rule of Civil Procedure 38 sets forth the rules for the timely filing of a demand for a jury trial for cases brought in the federal courts. Fed.R.Civ.P. 38.[1] *See; Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir.1983). Notwithstanding the failure of a party to make a timely jury demand, a court may, in its discretion, grant a demand for a jury trial. Fed. R.Civ.P. 39(b).[2] *See also Cascone*, 702 F.2d at 391. Where a demand for a jury trial arises in a case that has been removed to federal court, however, the Second Circuit Court of Appeals has held that Federal Rule of Civil Procedure Procedure 81(c) applies. *Id.* Rule 81(c) sets out rules for jury demands in three situations. Where a non-removing party seeks a jury trial, and all the necessary pleadings have been served at the time of removal, the party must file a demand within ten days of service of the removal petition. On the other hand, where a party has made an express demand for a jury trial in accordance with state law prior to removal, no further demand need be made. Finally, where the state law applicable in the court from which the case has been removed does not require an express demand for a jury trial, an express demand need not be made unless the court so directs. Fed. R.Civ.P. 81(c).[3] *See Cascone*, 702 F.2d at 391.

■ New York State law, while requiring that parties seeking a jury trial make an express jury demand, does not require such a

---

1. Under Rule 38, a party desiring a jury trial must file a written demand "not later than 10 days after the service of the last pleading directed to such issue." Fed.R.Civ.P. 38(b). Failure to file a timely demand "constitutes a waiver ... of trial by jury." Fed.R.Civ.P. 38(d).

2. Rule 39(b) states, in relevant part:

   Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues. Fed.R.Civ.P. 39(b).

3. Rule 81(c) states, in relevant part:

   Removed Actions. These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.... If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury. Fed.R.Civ.P. 81(c).

demand prior to the filing of a note of issue. *See* N.Y.Civ.Prac.L. & R. § 4102(a).[4] *See also Cascone,* 702 F.2d at 391 ("[n]o time for the notice is specified"); *National Union Fire Ins. Co. of Pittsburgh, PA. v. L.E. Myers Co. Group,* 928 F.Supp. 394, 397 (S.D.N.Y.1996) ("the law of New York as to the necessity of demanding jury trial is 'not clear, or at least is not fixed' (internal quotations omitted)"). As such, the practice in New York falls within a "gray area" not covered by Rule 81(c). *Cascone,* 702 F.2d at 391. *See also Higgins v. Boeing Co.* 526 F.2d 1004, 1007 (2d Cir.1975); *National Union Fire Ins.,* 928 F.Supp. at 397–98. The New York statute, does, however, permit state courts to grant an untimely request as long as "undue prejudice" does not result to other parties. N.Y.Civ.Prac.L. & R. § 4102(e).[5] *See also Cascone,* 702 F.2d at 391. The Court of Appeals has interpreted N.Y.C.P.L.R. 4102(e) as a broad grant of discretionary power, *id.* at 391, that comports with the discretionary powers provided by Federal Rule of Civil Procedure 39(b). See *Higgins,* 526 F.2d at 1007. Accordingly, the Court of Appeals has directed that this discretion be read into the language of Rule 81(c). *Id. See also Corinthian Media, Inc. v. Putnam,* 845 F.Supp. 143, 145 (S.D.N.Y. 1994). In exercising this discretionary power, a court must weigh several factors: (1) whether the action is typically the type of case tried to a jury; (2) whether the parties have proceeded on the assumption that the case would be tried before a jury; and (3) whether the party opposing the jury request would be unduly prejudiced if the action were tried before a jury. *See Cascone,* 702 F.2d at 392. *See also Corinthian Media,* 845 F.Supp. at 145 (*citing Higgins,* 526 F.2d at 1007). Any prejudice alleged must arise from the untimeliness of the jury demand and not simply from the possibility of a jury trial. *Corinthian Media,* 845 F.Supp. at 146.

■ The application of the *Higgins* factors to the present case indicates that the Court should exercise its discretion to grant the plaintiffs' motion. First, the plaintiffs seek monetary for breach of contract and breach of the duty of good faith and fair dealing. Not only is breach of contract a legal claim traditionally tried to a jury, *Corinthian Media,* 845 F.Supp. at 145, the issues in this case will require a fact-intensive inquiry regarding the construction, intent and understanding of various parties. *See National Union Fire Ins.,* 928 F.Supp. at 397–98. Second, because the proceedings are at an early stage and discovery has not begun, there is no indication that either party concluded that the trial would proceed as a bench or jury trial, or made any decisions based on that assumption. Finally, and most significantly, the defendants provide no indication whatsoever that they would be prejudiced by the granting of plaintiffs' jury demand. Nor is there any likelihood of prejudice to the defendants. Plaintiffs promptly rectified their failure to make a jury demand, the action is still at a preliminary stage, and discovery has not begun.

■ Defendants' only argument for denying the plaintiffs' jury demand is that the plaintiffs' untimely demand was the result of mere inadvertence. Although mere inadvertence is usually not an adequate basis for allowing an untimely filing of a jury trial demand, *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir.1967), the decisional law following *Cascone* establishes that there is more flexibility where an action is removed to federal court. *See National Union Fire Ins.,* 928 F.Supp. at 396–97; *Baker v. Amtrak Corp.,* 163 F.R.D. 219, 220 (S.D.N.Y. 1995). Indeed, courts have routinely granted untimely jury demands following an application of the *Higgins* factors, with little or no

---

4. N.Y.C.P.L.R. § 4102(a) provides, in relevant part:

 (a) Demand. Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury.... A demand shall not be accepted for filing unless a note of issue is filed in the action.

N.Y.C.P.L.R. § 4102 (McKinney 1992).

5. N.Y.C.P.L.R. § 4102 provides, in relevant part:

 (e) Relief by court. The court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would undue prejudice to the rights of another party would result.
N.Y.C.P.L.R. § 4102 (McKinney 1992).

inquiry into the cause of the delay. *See National Union Fire Ins.*, 928 F.Supp. at 395–96; *Baker v. Amtrak,* 163 F.R.D. at 219; *Corinthian Media,* 845 F.Supp. at 143. In a case such as this, where all the *Higgins* factors point so decidedly toward allowing the assertion of a jury demand, this Court will exercise its discretion to allow such a demand.

## CONCLUSION

For all foregoing reasons, plaintiffs' motion for leave to file a jury demand is granted.

SO ORDERED.