**AVNE SYSTEMS, LTD., Plaintiff,**

v.

**MARKETSOURCE CORP., Defendant.**

**No. 99 Civ. 11220(JSR).**

United States District Court,
S.D. New York.

Feb. 2, 2000.

Jeffrey C. Dannenberg, New York City, for plaintiff.

Michele Goldmeer, New York City, for defendant.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

This action was commenced in the Supreme Court of New York on October 4, 1999

and timely removed by defendant to this Court on November 10, 1999. Defendant served its answer by mail on November 16, 1999. Plaintiff did not formally demand a jury trial until the initial pretrial conference on December 21, 1999. At the conference, defendant objected to plaintiff's jury demand on the ground that it had been waived. *See* Fed.R.Civ.P. 38, 81(c).

Upon review of the parties' submissions, the Court, in its discretion, overrules defendant's objection and grants plaintiff's demand for a jury.

Under the Federal Rules of Civil Procedure, a jury trial is waived unless a demand is timely filed. *See* Rules 38 & 39, Fed.R.Civ.P. (relating to actions filed in federal court); Rule 81(c), Fed.R.Civ.P. (relating to actions filed initially in state court and then removed); *see also Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir.1983); *National Union Fire Ins. Co. v. L.E. Myers Co. Group*, 928 F.Supp. 394, 396 (S.D.N.Y.1996). In the case of actions initially filed in federal court, courts will excuse untimely filing only in exceptional circumstances, *see, e.g., Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70–71 (2d Cir.1967); but in the case of removed actions greater leniency is accorded so as to take account of the vagaries of state practice [1] and the unfamiliarity of many state court practitioners with federal practice. *See, e.g., Cascone*, 702 F.2d at 392–93; *Higgins*, 526 F.2d at 1006–07; *National Union Fire Ins.*, 928 F.Supp. at 397.

Defendant argues that such flexibility is inapplicable here because defendant filed its answer after the case was removed to federal court and thus the special provisions of Rule 81(c), Fed.R.Civ.P. do not apply. But the flexibility extends to removed actions generally, not just those governed by the provisions of Rule 81(c), because it is grounded in the notion that there should be "some 'play in the joints' for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him." *Cascone*, 702 F.2d at 392; *see Reliance Elec. Co. v. Exxon Capital Corp.*, 932 F.Supp. 101, 102–03 (S.D.N.Y.1996); *National Union Fire Ins.*, 928 F.Supp. at 396–97; *see also* Charles Alan Wright & Arthur R. Miller, 9 *Federal Practice and Procedure* § 2334, at 189 (1995). As noted, had the case remained in New York state court, plaintiff would not have been required to make an express jury demand prior to the filing of a note of issue.

Moreover, this action, a commercial contract claim without any demand for equitable relief, is the type traditionally tried to a jury, *see CPH Int'l, Inc.*, 1993 WL 485356, at *2, and defendant does not allege that it has been prejudiced by plaintiff's delay in making a jury demand, which was made at the initial pretrial conference before this Court, prior to the onset of most of the discovery in this action. *See, e.g., Reliance Elec. Co.*, 932 F.Supp. at 103.

Accordingly, plaintiff's motion for leave to file a jury demand in this action is hereby granted.

SO ORDERED.

---

1. In New York State, for example, a plaintiff need not make an express jury demand prior to the filing of a note of issue, *see* N.Y.Civ.Prac.L. & R. § 4102(a) (McKinney 1992); *CPH Int'l, Inc. v. Phoenix Assurance Co.*, 1993 WL 485356, at *1 (S.D.N.Y. Nov. 24, 1993), and a plaintiff who fails to do so is given considerable leeway to file a belated demand, *see* N.Y.Civ.Prac.L. & R. § 4102(e); *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir.1975).